UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 1:24-cv-20684-KMM

NOACH NEWMAN, ADIN GESS,
MAYA PARIZER, NATALIE SANANDAJI
and YONI DILLER,

    Plaintiffs,

v.

THE ASSOCIATED PRESS,

    Defendant.

_____/

**DEFENDANT'S MOTION TO STAY DISCOVERY PENDING ADJUDICATION OF ITS MOTION TO DISMISS WITH INCORPORATED MEMORANDUM OF LAW**

Defendant The Associated Press ("The AP"), by and through its undersigned counsel, hereby moves this Court pursuant Rule 26(c) of the Federal Rules of Civil Procedure to stay discovery pending adjudication of its Motion to Dismiss the Complaint for failure to state a claim under Rule 12(b)(6) ("Mot.," ECF No. 29).  As set forth in the Motion to Dismiss, Plaintiffs have not pled and cannot properly plead claims under the Federal Anti-Terrorism Act or state law, and even if they could properly plead such claims, the application of them to The AP's journalism would violate the First Amendment.  Engaging in cross-border discovery while the Motion to Dismiss is pending will subject The AP and its employees to considerable burdens and costs that would be unnecessary if the Motion is granted.  It also would distract from their reporting on the continuing crisis in Israel and Gaza.  In support of this Motion to Stay Discovery, The AP states as follows:

**BACKGROUND AND PROCEDURAL HISTORY**

This case arises out of The AP's publication of accurate photographs of the October 7, 2023 attack in which Hamas-led militants killed, injured, or kidnapped thousands of Israeli

civilians. Plaintiffs are five individuals who seek to hold The AP liable for the emotional distress they suffered as a result of the attack. They assert claims under the Federal Anti-Terrorism Act ("ATA") and its Florida equivalent, as well as for negligent infliction of emotional distress, based on the unfounded theory that The AP "knew, or at the very least should have known," that the Palestinian freelance photographers whose images it published "were longstanding Hamas affiliates and full participants in the terrorist attack that they were also documenting." Compl. ¶ 4 (ECF No. 1).

Plaintiffs filed their Complaint on February 21, 2024. On April 22, The AP moved to dismiss the Complaint in full and with prejudice. As The AP demonstrated in its Motion to Dismiss, the Complaint fails to state a claim on multiple independent grounds and, in any event, Plaintiffs' claims are barred by the First Amendment.

On April 16, 2024, the parties held a conference under Rule 26(f) and Local Rule 16.1, during which undersigned counsel proposed that the parties agree not to begin discovery while The AP's Motion to Dismiss remains pending. Plaintiffs' counsel rejected that proposal, and undersigned counsel conveyed that The AP would instead seek such relief from the Court.

## ARGUMENT

The Eleventh Circuit has long instructed that "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins." *Isaiah v. JPMorgan Chase Bank*, 960 F.3d 1296, 1308-09 (11th Cir. 2020) (quoting *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997)). Accordingly, district courts have "broad discretion to stay discovery pending decision on a dispositive motion." *Turner v. Costa Crociere S.P.A.*, 2020 WL 9071486, at *2 (S.D. Fla. Aug. 23, 2020) (Moore, C.J.). "For a stay to be warranted, the moving party must show that (1) they will be prejudiced, (2) the pending motion is clearly meritorious and

case dispositive, and (3) any prejudice to the non-moving party is outweighed by the possibility the motion will be dispositive." *Id.* at *4. Granting a stay is particularly appropriate in a case implicating the defendant's First Amendment rights. *See, e.g.*, *Bongino v. Daily Beast Co., LLC*, 477 F. Supp. 3d 1310, 1324 (S.D. Fla. 2020) (granting stay "pending the potential filing of Plaintiff's Amended Complaint" to protect defamation defendant's free speech).

In *Borislow v. Canaccord Genuity Group, Inc.*, 2014 WL 12580035 (S.D. Fla. June 24, 2014), for example, the court stayed discovery pending resolution of motion to dismiss in a defamation action, explaining that its "review of the complaint and the motion to dismiss leaves it with the concern that Plaintiff's defamation claim may be legally insufficient because the challenged statements may be expressions of opinion, and/or truthful and/or protected by the First Amendment." *Id.* at *1. "Absent a stay of discovery pending determination of these threshold legal issues," the court noted, "Defendants will be forced to expend considerable resources to respond to Plaintiff's discovery requests," and the "Eleventh Circuit instructs that this is precisely when a stay of discovery is warranted." *Id.*; *see also, e.g.*, *Horsley v. Feldt*, 304 F.3d 1125, 1131 n.2 (11th Cir. 2002) (affirming district court's suspension of discovery in defamation action pending decision on motion for judgment on the pleadings that presented "a purely legal question" and raised "no issues of fact because the allegations contained in the pleadings are presumed to be true"); *Skuraskis v. NationsBenefits Holdings, LLC*, 2023 WL 8698324, at **2-5 (S.D. Fla. Dec. 15, 2023) (granting motion to stay discovery pending adjudication of motion to dismiss); *Dry Tech 24/7, Inc. v. Clorox Co.*, 2022 WL 20834472, at *1 (S.D. Fla. Dec. 2, 2022) (same); *Zinn v. SCI Funeral Servs. of Fla., Inc.*, 2013 WL 12080175, at *2 (S.D. Fla. Mar. 4, 2013) (same, collecting cases).

Here, all three prongs of the test weigh in favor of staying discovery: The AP's Motion to Dismiss is meritorious and case-dispositive, The AP would be prejudiced if forced to engage in discovery while its Motion is pending, and staying discovery would not cause Plaintiffs any harm. The Court should therefore grant this Motion to Stay.

## I. THE AP'S MOTION TO DISMISS IS CLEARLY MERITORIOUS AND WOULD DISPOSE OF THIS ENTIRE CASE.

A court considering a motion to stay discovery should "take a preliminary peek at the merits of the motion to dismiss to see if it appears to be clearly meritorious and truly case dispositive." *Turner*, 2020 WL 9071486, at *2 (cleaned up). As The AP's Motion to Dismiss reflects, the Complaint in this case fails as a matter of law for multiple independent reasons.

Plaintiffs' claim for aiding and abetting terrorism under the Federal ATA should be dismissed because the factual allegations utterly fail to establish that The AP provided knowing and substantial assistance to Hamas by publishing the photographs. Mot. at 6-10. The claim for conspiracy under the Federal ATA is likewise deficient because nowhere do Plaintiffs allege (nor could they in good faith allege) that The AP entered into any agreement with Hamas to commit a terrorist act. *Id.* at 10-11. Plaintiffs' claims for direct liability under the Federal ATA and its Florida counterpart should also be dismissed because the Complaint does not plausibly plead that The AP acted with a culpable state of mind, that it committed an act of terrorism, or that it proximately caused Plaintiffs' emotional distress. *Id.* at 11-17. Similarly, Plaintiffs' claim for negligent infliction of emotional distress cannot stand because there are no pleaded facts that could demonstrate proximate cause. *Id.* at 17. Lastly, even if Plaintiffs' causes of action were otherwise legally viable, the unprecedented application of them to The AP's news reporting would violate the First Amendment. *Id.* at 18-21.

In short, the pain and suffering experienced by Plaintiffs as a result of the October 7 attack, grievous though it may be, does not give rise to a claim against The AP as a matter of law. The AP has met its burden of showing that its Motion to Dismiss is meritorious and would fully dispose of this case.

**II.     COMMENCING DISCOVERY PRIOR TO A RULING ON THE MOTION TO DISMISS WOULD SUBSTANTIALLY PREJUDICE THE AP.**

Discovery in this case will, by necessity, require the participation of individuals located in Israel and Gaza, including at least some of the Plaintiffs, Compl. ¶¶ 14-18, the Palestinian freelance photographers accused of having "Hamas connections," *id.* ¶ 4, and the AP employees who selected their photographs for publication on the day of the attack, *id.*  Taking discovery from these individuals in the midst of an ongoing war will present extraordinary challenges and burdens for the parties and non-parties alike, even beyond the usual expense and inconvenience of cross-border discovery.  Additionally, The AP is a nonprofit news organization and does not have unlimited resources.  There is a real possibility that complying with discovery obligations will distract The AP's employees in Israel and Gaza from their news coverage of the conflict at a time when independent journalism is vital to public understanding and entails great personal risk. *See* Mohamed Mandour, *Attacks, arrests, threats, censorship: The high risks of reporting the Israel-Gaza war*, The Committee to Protect Journalists (Apr. 23, 2024), https://cpj.org/2024/04/attacks-arrests-threats-censorship-the-high-risks-of-reporting-the-israel-hamas-war/.

The Eleventh Circuit has recognized "there is a powerful interest in ensuring that free speech is not unduly burdened by the necessity of defending against expensive yet groundless litigation." *Michel v. NYP Holdings, Inc.*, 816 F.3d 686, 702 (11th Cir. 2016).  "Forcing

publishers to defend inappropriate suits through expensive discovery proceedings" would limit the "breathing space" for speech that the First Amendment was designed to protect. *Id.*; *see also Weyrich v. New Republic, Inc.*, 235 F.3d 617, 628 (D.C. Cir. 2001) ("[T]rial courts are understandably wary of allowing unnecessary discovery where First Amendment values might be threatened."); *Bongino*, 477 F. Supp. 3d at 1324 (citing *Michel* as basis for granting stay of discovery). As set forth in The AP's Motion to Dismiss, Plaintiffs' claims under the Federal ATA and state law have the potential to chill news reporting on issues of grave public concern and deprive the public of essential information about world events. Mot. at 18-21. Under these circumstances, it makes sense to put discovery on hold while the Court considers whether to allow any of Plaintiffs' claims to proceed.

### III.  A BRIEF DISCOVERY STAY WILL NOT PREJUDICE PLAINTIFFS

The final prong of the test also weighs in favor of staying discovery because a brief pause while the Court resolves The AP's Motion to Dismiss will not prejudice Plaintiffs.

This Court has not yet entered a scheduling order, and no trial date has been set. Staying discovery would have no effect on The AP's continuing document preservation obligations. Even if the case were ultimately to survive The AP's Motion to Dismiss, Plaintiffs would still have ample time to conduct discovery and prepare for summary judgment and trial. *See, e.g.*, *Skuraskis*, 2023 WL 8698324, at *5 (no prejudice to plaintiff where same discovery would be available following stay); *Borislow*, 2014 WL 12580035, at *1 (same).

### CONCLUSION

For each and all of the foregoing reasons, The AP requests that the Court stay discovery in this matter pending resolution of The AP's Motion to Dismiss and grant all such other and further relief as the Court deems just and proper.

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(3)**

Counsel for The AP certify that they conferred with counsel for Plaintiffs by videoconference on April 16, 2024 in a good-faith effort to resolve by agreement the issues raised in this Motion. They have been unable to do so, and Plaintiffs oppose the Motion.

Date: April 25, 2024

Respectfully submitted,

BALLARD SPAHR LLP

By: */s/ Charles D. Tobin*
Charles D. Tobin (Fla. Bar No. 816345)
1909 K Street, NW, 12th Floor
Washington, DC 20006
Telephone: (202) 661-2200
Fax: (202) 661-2299
tobinc@ballardspahr.com

R. Stephen Stigall (*pro hac vice*)
Elizabeth Seidlin-Bernstein (*pro hac vice*)
1735 Market Street, 51st Floor
Philadelphia, PA 19103
Telephone: (215) 665-8500
Fax: (215) 864-8999
stigalls@ballardspahr.com
seidline@ballardspahr.com

*Attorneys for Defendant The Associated Press*