**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:24-cv-20684-KKM

NOACH NEWMAN, ADIN GESS,
MAYA PARIZER, NATALIE SANANDAJI,
and YONI DILLER,

        Plaintiffs,

    v.

THE ASSOCIATED PRESS,

   Defendant.

_____/

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO STAY PENDING**
**ADJUDICATION OF ITS MOTION TO DISMISS**

    Plaintiffs Noach Newman, Adin Gess, Maya Parizer, Natalie Sanandaji, and Yoni Diller (collectively, "Plaintiffs"), by and through the undersigned attorneys, file this Opposition to Defendant The Associated Press's ("AP") Motion to Stay Discovery Pending Adjudication of Its Motion to Dismiss (the "Motion" or "Motion to Stay"), and in support thereof state as follows:

**I.     INTRODUCTION**

    On October 7, 2023, the sovereign State of Israel was brutally attacked by over 1,500 Hamas terrorists and many other supposed "civilians," from the Gaza Strip, in the early morning hours. After Hamas rained down rockets on Israel's civilian centers, they breached the security barrier that surrounded the Gaza Strip and perpetrated the most grotesque, bloodiest, and deadliest attack on Jewish people since the Holocaust. Women were raped and killed *en masse*, the elderly and children were murdered in cold blood, and hundreds of young innocent civilians dancing at a peace festival were slaughtered. When the dust settled, Hamas had killed more than 1,200 people,

including 32 Americans, injured over 6,900 individuals and kidnapped 239 innocent civilians into Gaza.

Several major media outlets posted real-time photographs of the atrocities being committed. For example, AP's website gave credit to photographers Hassan Eslaiah, Yousef Masoud, Ali Mahmud and Hatem Ali, for taking photographs of the massacre inside of the State of Israel. These photojournalists are known Hamas associates who were gleefully embedded with the Hamas terrorists during the October 7th attacks, and who sometimes worked for AP. Upon information and belief, AP paid for the real time images of Israeli hostages being taken into Gaza despite having been warned well in advance that at least one of these so-called "journalists" were in fact Hamas affiliates, and despite the clear indications that they were functioning as full participants of the Hamas terrorist squad that conducted the October 7th attack, and not as AP chose to pretend as journalists.

This case is not about journalism or the First Amendment. There is *no* First Amendment carveout for providing material support to terrorists. This case is about providing material support to a terrorist organization. Paying a terrorist to help him disseminate terrorist propaganda is a violation of this country's statutes, and AP must be held liable.

A stay of discovery is an exception to the rule. The Motion should be denied because a stay of discovery will prejudice Plaintiffs, AP failed to show it would be prejudiced by commencing discovery, and AP's Motion to Dismiss was mooted by the Amended Complaint which will cure any deficiencies.

## II. LEGAL STANDARD

Motions to stay discovery "are generally denied except where a specific showing of prejudice or burdensomeness is made or where a statute dictates that a stay is appropriate or

2

mandatory." *Turner v. Costa Crociere S.P.A.*, 1:20-CV-21481-KMM, 2020 WL 9071486, at *2 (S.D. Fla. Aug. 23, 2020) (Moore, J.). "Notably, staying discovery is only appropriate when a dispositive motion raises threshold legal issues that may dispose of a plaintiff's *entire* claim." *Id.* (internal quotations omitted).

The moving party bears the burden of showing good cause for staying proceedings, and "of demonstrating its necessity, appropriateness, and reasonableness." *Id.* at *2, 4 (quoting *Ray v. Spirit Airlines*, No. 12-61528-Civ, 2012 WL 5471793, at *1 (S.D. Fla. Nov. 9, 2012)). "Motions to stay discovery pending ruling on a dispositive motion are generally disfavored in this district." *Id.* (quoting *Datto v. Florida Int'l Univ. Bd. of Trustees*, 1:20-CV-20360, 2020 WL 3576195, at *2 (S.D. Fla. July 1, 2020)). For a stay to be warranted, the moving party must show that (1) they will be prejudiced, (2) the pending motion is clearly meritorious and case dispositive, and (3) any prejudice to the non-moving party is outweighed by the possibility the motion will be dispositive. *Id.*

The pendency of a motion to dismiss normally will not justify a stay of discovery pending the Court's resolution of the motion to dismiss. *White v. Venice HMA, LLC*, 8:22-CV-1989-CEH-AEP, 2022 WL 17417624, at *1 (M.D. Fla. Dec. 5, 2022). "Indeed, a stay of discovery pending the resolution of a motion to dismiss is the exception, rather than the rule." *Id.* (internal quotations omitted); *see also Cabrera v. Progressive Behavioral Sci., Inc*., 331 F.R.D. 185, 186 (S.D. Fla. 2019) ("A stay of discovery pending the determination of a motion to dismiss, … is the exception rather than the rule."). Such motions for stay are rarely granted—only unusual circumstances may justify a stay of discovery in a particular case upon a showing of prejudice or undue burden. *See White*, 2022 WL 17417624, at *1

Motions to stay discovery "are not favored because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Reilly v. Amy's Kitchen, Inc.*, 13-21525-CIV, 2013 WL 3929709, at *1 (S.D. Fla. July 31, 2013) (quoting *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla.1997)).

As detailed below, AP failed to show good cause for a stay.

### III.   ARGUMENT

#### A.   AP failed to show it would be prejudiced by commencing discovery.

AP claims that it will be prejudiced by commencing discovery because (1) taking discovery from individuals located in Israel and Gaza in the midst of an ongoing war "will present extraordinary challenges and burdens for the parties and non-parties alike" and AP does not have unlimited resources; (2) the "real possibility" that complying with discovery obligations will "distract" AP's employees in Israel and Gaza from their work; and (3) Plaintiffs' claims under the Federal Anti-Terrorism Act ("ATA") and state law "have the potential to chill news reporting." Motion at 5-6. AP's arguments lack merit.

First, AP claims that taking discovery from individuals located in Israel and Gaza will present extraordinary challenges and burdens. Motion, p 5. AP's argument fails because AP offers no quantifiable evidence of "burdensomeness." There is no estimated time or expense included in the Motion. AP's conclusory, undescribed, and unsubstantiated claims of prejudice or burdensomeness are insufficient to support the discovery stay sought. Further, most people and entities litigating in United States courts do not have unlimited resources, thus, this is not a basis to grant a stay.

Second, AP claims there is a "possibility" that complying with discovery obligations will "distract" AP's employes in Israel and Gaza from their work. Motion, p. 5. Again, AP makes a conclusory claim based on "possibility" and fails to substantiate what this burden is—for example, asking its employees in Gaza to provide pictures they got paid for does not place any meaningful burden on AP.

Third, AP allegation's that Plaintiffs' claims under the ATA and state law "have the potential to chill news reporting" is also conclusory, undefined, and unsubstantiated. In any event, and as detailed *infra* pages 8-9, the First Amendment does not bar Plaintiffs' claims. This case is not about journalism or the First Amendment. Instead, this case is about AP's knowledge of its photographers/terrorists' association with Hamas, payments, and material support provided to these photographers/terrorists.

AP has failed to show it will suffer prejudice or any excessive burden if the Court declines to stay the proceedings. Moreover, where a defendant has made no specific showing of prejudice or undue burden as required, and its assertions regarding undue burden and expense are entirely conclusory, they are insufficient. *See Lane v. Enhanced Recovery Co. LLC*, 3:18-CV-1-J-32JBT, 2018 WL 2688761, at *2 (M.D. Fla. May 1, 2018) (denying motion to stay pending resolution of motion to transfer because the defendant's conclusory assertions disputed by Plaintiff were insufficient); *Reilly*, 2013 WL 3929709, at *1 (denying motion to stay discovery while motion to dismiss pending because, *inter alia*, the defendant failed to make the requisite showing of prejudice or burdensomeness for the court to issue a stay of discovery).

AP has failed to show good cause or any specific burden or prejudice so disproportionate that would merit imposing the exception rather than the rule that discovery proceed. Therefore, this Court should deny AP's motion to stay.

**B.  A stay of discovery will prejudice Plaintiffs.**

There are only seven and a half months until the close of discovery (ECF No. 35) and any delay of the discovery process would only prejudice Plaintiffs, who have an obligation to meet discovery deadlines while also adequately preparing their case in chief for trial which this Court set for less than one year from now, in April 2025. Therefore, this Court should deny AP's motion to stay.

**C.  AP's Motion to Dismiss was mooted by the Amended Complaint which will cure any alleged deficiencies, and in any event, is not meritorious and would not dispose of the entire case.**

AP alleges that Plaintiffs' claims for aiding and abetting terrorism and conspiracy under the ATA and its Florida counterpart, and for negligent infliction of emotional distress are deficient because Plaintiffs did not allege, *inter alia*, that AP provided knowing and substantial assistance, entered into any agreement with Hamas to commit a terrorist act, or facts that could demonstrate proximate cause. Motion, p. 4. However, to the extent there are any deficiencies in Plaintiffs' Complaint, these have been cured by Plaintiffs' Amended Complaint (ECF No. 40).

AP also claims that its Motion to Dismiss is meritorious and warrants a stay because Plaintiffs' causes of action against AP violate the First Amendment. Motion, p. 4. AP's argument is dead on arrival and is nothing more than a red herring. As previously mentioned, this case is not about journalism or the First Amendment. Plaintiffs agree that AP may publish pictures like the ones referenced in the Amended Complaint and certainly do not challenge the importance of the news media reporting and documenting their reporting with pictures. However, this case is about AP's knowledge of its photographers/terrorists' association with Hamas and payments provided to these photographers/terrorists. AP does *not* have the unfettered right to do whatever it wants to *obtain* the pictures that it publishes, and specifically, AP does not have the right to buy pictures

6

from terrorists that were taken while the terrorists were engaging in a terrorist attack. There is *no* First Amendment carveout for providing material support to terrorists, whether it is in the form of actual money paid for pictures, or whether it involves uncritically allowing terrorists to leverage AP's platform to shape public opinion pursuant to the wants of a Foreign Terrorist Organization ("FTO").

In *Holder v. Humanitarian Law Project*, 561 U.S. 1, 25-26 (2010), the Supreme Court rejected a First Amendment challenge to Section 2339B, holding that the material-support statute protects an individual's freedom to "say anything they wish on any topic," including terrorism and foreign terrorist organizations. "The statute does not prohibit independent advocacy or expression of any kind." *Id.* at 26. Section 2339B does not suppress ideas or opinions in the form of "pure political speech." *Id.* Rather, "[it] prohibit[s] 'material support,' which most often does not take the form of speech at all. And when it does, the statute is carefully drawn to cover only a narrow category of speech to, under the direction of, or in coordination with foreign groups that the speaker knows to be terrorist organizations." *Id*. Publishing the pictures is communicating a message, and Plaintiffs do not allege that AP violated any laws by the actual publishing of the pictures. Paying a known terrorist for pictures that he took while committing an act of terror, and then using those pictures to knowingly further the FTO's propaganda message, however, is *not* protected activity under the First Amendment.

Moreover, the cases AP relies on in support of its First Amendment rights are inapposite. As explained above, the First Amendment is not a defense to ATA claims and none of the cases cited by AP are ATA cases. *See* Motion, p. 3.

AP relies on *Bongino v. Daily Beast Co., LLC*, 477 F. Supp. 3d 1310, 1324 (S.D. Fla. 2020). In *Bongino*, the court dismissed all of plaintiff's claims (defamation, commercial

disparagement, and Florida's Deceptive and Unfair Trade Practices Act) without prejudice, granted leave to amend, and granted a stay pending the filing of the amended complaint. *Id*. at 1319-21, 1324. Here, however, the Court has not yet ruled on AP's Motion to Dismiss which has now been mooted by the Plaintiffs' Amended Complaint.

AP next relies on *Borislow v. Canaccord Genuity Group Inc.*, 14-80134-CIV, 2014 WL 12580035, at *1 (S.D. Fla. June 24, 2014), for the proposition that "[a]bsent a stay of discovery pending determination of [] threshold legal issues," "Defendants will be forced to expend considerable resources to respond to Plaintiff's discovery requests," and the "Eleventh Circuit instructs that this is precisely when a stay of discovery is warranted." Motion at 3. In *Borislow*, the Court stayed discovery because its "preliminary peek" at the pending motion to dismiss revealed that the statements challenged in the defamation claim were likely expressions of opinions, or truthful, or protected by the First Amendment. *Id*. at *1. Here, the Plaintiffs are not challenging AP's statements or asserting a defamation claim. Instead, they are asserting AP provided material support to Hamas, a foreign terrorist organization.

AP then relies on *Horsley v. Feldt*, 304 F.3d 1125 (11th Cir. 2002), another defamation case, for the proposition that that the Court should stay discovery pending a decision on a motion that presents a purely legal question. Motion, p. 3. *Horsley* was the Eleventh Circuit's *de novo* review of an entry of judgment on the pleadings, which the court affirmed in part and reversed in part, then remanded to the trial court. *See Horsley*, 304 F.3d at 1137.[1] *Horsley* held only that,

---

[1] AP relies on a footnote in *Horsley* which cites to *Chudasama v. Mazda Motor Corp*., 123 F.3d 1353, 1367 (11th Cir. 1997), for the proposition that it is not an abuse of discretion for the court to stay discovery pending resolution of a purely legal question. *See id*. at 1131, n.2. However, as this Court has recognized, *Chudasama* "does not indicate a broad rule that discovery should be deferred whenever there is a pending motion to dismiss." *Gannon v. Flood*, 08-60059-CIV, 2008 WL 793682, at *1 (S.D. Fla. Mar. 24, 2008) (denying motion to stay pending resolution of motion to dismiss). Instead, courts applying *Chudasama* have concluded that it "stand[s] for the much

because there was no need for discovery to decide the issues raised in the motion for judgment on the pleadings at issue in that case, the district court did not abuse its discretion in suspending discovery until it ruled on that motion. *Id.* at 1131, n.2. Nothing in that opinion said that the Court was *required* to suspend discovery as AP attempts to argue.

The non-defamation cases AP relies on for the proposition that a stay should be granted pending a motion to dismiss, *see* Motion, p. 3, are distinguishable because in those cases the motions to stay discovery were granted for reasons having nothing to do with the facts of this case. *Skuraskis v. NationsBenefits Holdings, LLC*, 23-CV-60830-RAR, 2023 WL 8698324, at *5 (S.D. Fla. Dec. 15, 2023), dealt with a nationwide data breach class action including 14 different state subclasses, 27 different counts, and 21 state-law-specific statutory claims, and a motion to dismiss which substantively challenged all 27 counts for failure to state a claim. The *Skuraskis* court granted the stay because it reasoned that even if the motion to dismiss were granted in part, such a grant would drastically alter the scope of discovery. *Id*. Also, in *Skuraskis*, the stay was deemed justified by a pending Judicial Panel on Multidistrict Litigation motion to transfer that case pursuant to 28 U.S.C. § 1407. *Id*. In *Dry Tech 24/7, Inc. v. Clorox Co*., 22-61291-CIV, 2022 WL 20834472, at *1 (S.D. Fla. Dec. 2, 2022), the court granted the stay based on the pending motion to dismiss. Here, there is no longer a motion to dismiss pending, and to the extent there were any deficiencies in Plaintiffs' Complaint, they were cured by Plaintiffs' Amended Complaint. Last, in *Zinn v. SCI Funeral Services of Florida, Inc*., 1280788CIVRYSKAMPHOP, 2013 WL 12080175, at *2 (S.D. Fla. Mar. 4, 2013), the court granted the stay of "vast discovery" requests regarding

---

narrower proposition that courts should not delay ruling on a likely meritorious motion to dismiss while undue discovery costs mount." *Da Silva Ferreira v. EFG Capital Int'l Corp*., 10-20206-CIV, 2010 WL 11882924, at *1 (S.D. Fla. Sept. 10, 2010) (quoting *Koock v. Sugar & Felsenthal, LLP*, 8:09-CV-609-T-17EAJ, 2009 WL 2579307, at *2 (M.D. Fla. Aug. 19, 2009)).

"every customer and every burial at each cemetery" operated by defendant where the entire action may be dismissed due to lack of standing.

There is no pending Motion to Dismiss because Plaintiffs filed an Amended Complaint. Even if AP's Motion to Dismiss were pending, AP failed to show that its Motion to Dismiss is meritorious and would fully dispose of this case.

## IV.    CONCLUSION

For the reasons stated above, AP failed to show good cause to stay discovery. Therefore, Plaintiffs Noach Newman, Adin Gess, Maya Parizer, Natalie Sanandaji, and Yoni Diller respectfully request that this Honorable Court deny Defendant The Associated Press's Motion to Stay Discovery Pending Adjudication of its Motion to Dismiss with Incorporated Memorandum of Law, and granting such other and further relief as this Court deems just and proper.

Dated: May 13, 2024                          Respectfully submitted,

**MARK MIGDAL & HAYDEN**
80 S.W. 8th Street, Suite 1999
Miami, Florida 33130
Tel: (305) 374-0440

By: *s/ Maia Aron*
Etan Mark, Esq.
Florida Bar No. 720852
etan@markmigdal.com
Maia Aron, Esq.
Florida Bar No. 17188
maia@markmigdal.com
Annie D. Rosenthal, Esq.
Florida Bar No. 1031335
annie@markmigdal.com
eservice@markmigdal.com

*- and -*

**LAW OFFICE OF DAVID I. SCHOEN**
2800 Zelda Road, Suite 100-6
Montgomery, AL 36106
Telephone: (334) 395-6611
E-Fax: (917) 591-7586

*/s/ David I. Schoen*
David I. Schoen, Esq.
schoenlawfirm@gmail.com
*Pro Hac Vice*

*- and –*

**National Jewish Advocacy Center, Inc.**
1718 General George Patton Drive
Brentwood, TN 37027
Telephone: (800) 269-9895

*/s/ Mark Goldfeder*
Mark Goldfeder, Esq.
mark@jewishadvocacycenter.org
*Pro Hac Vice*

*- and -*

**Goldfeder and Terry, LLC**
666 Harless Place
West Hempstead, NY 11552
Telephone: (917) 495-5790

*/s/ Bencion Schlager*
Bencion Schlager, Esq.
ben@goldfederterry.com
*Pro Hac Vice*

*- and -*

**LSN Law, PA**
3800 NE 1st Ave
Miami, FL 33137
Telephone: (305) 742-2810

*/s/ Gabriel Groisman*
Gabriel Groisman
Florida Bar No. 25644
ggroisman@lsnlaw.com

Attorneys for Plaintiffs

11

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I filed the foregoing document electronically on the Court's CM/ECF docket on May 13, 2024 which served same electronically upon all counsel of record.

<u>*s/ Maia Aron*</u>
Maia Aron, Esq.