**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

NOACH NEWMAN, ADIN GESS, MAYA
PARIZER, NATALIE SANANDAJI, and
YONI DILLER,

        Plaintiffs,

        v.

THE ASSOCIATED PRESS,

        Defendant.

Case No.: 1:24-cv-20684-KMM

**PLAINTIFFS' PROPOSED PROTECTIVE ORDER**

THIS CAUSE is before the Court pursuant to the July 17, 2024 Discovery Hearing (D.E. 56). Being fully advised, it is hereby ORDERED and ADJUDGED as follows:

1.     "Document" or "documents" when used herein means the original and all non-identical copies of all written, printed, typed, recorded, graphic, or photographic matter, however produced or reproduced at any time, including but not limited to electronic information, and other data compilations from which information can be obtained.

2.     "Discovery Material" means any documents, responses to discovery requests, deposition transcripts, exhibits, or other materials produced or exchanged by the parties in this proceeding.

3.     "Confidential Information" means any information that a party in good faith believes contains (a) health information protected from disclosure by the Health Insurance Portability and Accountability Act of 1996 (HIPAA); or (b) information concerning Plaintiffs that is of a private or personal nature including but not limited to home addresses, email addresses, phone numbers, dates of birth, and social security numbers.

1

4.      Any party may designate a particular item of Discovery Material to contain Confidential Information by marking the item "Confidential – Subject to Protective Order" (or some other reasonable notation calling attention to the confidential nature of the Discovery Material) on the first page of such item. If a party elects to produce in electronic form documents or other Discovery Materials that contain Confidential Information, the producing party shall ensure the electronic documents or Discovery Material contain designations consistent with the marking described above, so that if any electronic information is printed, the designation will appear on the first page of the printed copy. In the case of material or information that cannot be reasonably marked "Confidential – Subject to Protective Order", such as electronic records and/or native files, it shall be sufficient for the designating party to mark any media produced (e.g., a thumb drive containing confidential information), indicate in the electronic file name that the contents contain Confidential Information, or provide written notice to the other side identifying the information as confidential (e.g., a letter identifying the filenames of electronic records which constitute Confidential Information). This Protective Order grants leave to make such filings under seal in compliance with the Local Rule and the Court's CM/ECF Procedures Manual.

5.      Blanket designation of information or documents as "CONFIDENTIAL" *en masse* or without regard to the specific contents of each document or piece of information is prohibited. Upon reasonable request, a producing party or non-party shall produce, if possible, a redacted version of Discovery Material that has been designated as "CONFIDENTIAL."

6.      Deposition testimony shall be treated as containing Confidential Information under the terms of this Protective Order if so designated at any time on the record during the deposition or otherwise in writing within 30 days after receipt of a deposition transcript. All parties in possession of a copy of a designated deposition transcript shall appropriately mark it as containing

Confidential Information.

7.     Any party to this proceeding shall have the right to challenge the designation of any item as containing Confidential Information. The parties agree to act in good faith in attempting to resolve any such challenge. If the parties are unable to resolve the matter within a reasonable time, the challenging party may request an order removing the designation from the Court. The terms of the Protective Order shall continue to apply to the challenged item until the Court rules on the motion challenging the designation.

8.     Any failure to object to any Discovery Material being designated as "CONFIDENTIAL" shall not be construed as an admission by any non-designating party that the material is appropriately designated as "CONFIDENTIAL."

9.     The inadvertent disclosure or production of any Discovery Material that may be considered Confidential Information under this Order will not be deemed to waive a party's right to designate such Discovery Material as Confidential Information at a later date. If a producing party inadvertently produces or discloses Discovery Material containing Confidential Information without the appropriate designation marking or fails to designate a deposition as containing Confidential Information, the producing party must give notice of such inadvertent production to the receiving party within 30 days after actual discovery of the inadvertent disclosure. After giving such notice, the producing party shall then have 30 days to designate and provide properly marked copies of the Discovery Material at issue.

10.     Nothing contained herein shall restrict a party from using or disclosing documents, material or other information obtained by such party or witness independently of the discovery proceedings in this proceeding, whether or not such documents, material or other information are also obtained through discovery proceedings in this proceeding.

11. Except as otherwise authorized by this Protective Order, Discovery Materials containing Confidential Information may only be disclosed to the following persons:

    a. Counsel who have appeared of record for a party in this proceeding, and personnel of the law firms with whom counsel of record are associated;

    b. The Parties to this proceeding, including officers or employees of any corporate party who are assisting counsel with respect to this proceeding, and their lawyers, insurers and accountants;

    c. Consultants, experts or other persons specifically retained by any party to assist with respect to this proceeding, and personnel of the firms with whom such persons are associated;

    d. Persons employed by any litigation support service, including outside copying services, outside document management services and other trial consultants retained by a party for purposes of assisting with respect to this proceeding;

    e. The Court, Court personnel, court reporters, videographers, and stenographic reporters;

    f. Except for those persons covered by subsections (a) through (e) above, any person or entity noticed for a deposition or identified as a potential witness in this case, and their counsel, except such persons (including counsel) shall not retain Confidential Information after conclusion of their testimony.

12. Before disclosing any Confidential Information pursuant to Paragraph 11(c) or 11(f), they shall be given a copy of this Order and must agree in writing, in the form of the Acknowledgement and Agreement attached hereto as Exhibit A, to be bound by its terms. Any

counsel may require another counsel to provide a copy of the Acknowledgement and Agreement signed by a witness at a deposition before the witness is deposed with regard to any Confidential Information.

13.     If an individual or entity under Paragraph 11(c) or 11(f) refuses to execute the Acknowledgment and Agreement attached hereto as Exhibit A, disclosure of Confidential Information during the deposition shall not constitute a waiver of the confidentiality of such information. If a person other than the deponent refuses to abide by the terms of the Protective Order, that person shall be excluded from attending that portion of the deposition at which Confidential Material is discussed.

14.     Within 60 days after the final resolution of this proceeding, each party shall return all materials containing Confidential Information to the producing party or certify in writing that all Confidential Information has been destroyed. Notwithstanding the foregoing, counsel of record for each party may retain all transcripts, exhibits, and pleadings regardless of whether such materials include Confidential Information. Counsel of record may also retain any Discovery Materials, documents, or other material that contain their work product irrespective of whether such materials refer to or incorporate Confidential Information. Such retained materials shall continue to be subject to the terms of this Protective Order.

15.     This Protective Order may be modified by written stipulation among the parties if approved by the Court. Absent stipulation, any party may seek modification by proper application to the Court.

16.     All provisions of this Protective Order shall continue to be binding after the conclusion of this proceeding in its entirety, unless subsequently modified by agreement between the parties or order of the Court.

DONE and ORDERED in Chambers at Miami, Florida, this _____ day of _____ 2024.


_____
MARTY FULGUEIRA ELFENBEIN
UNITED STATES MAGISTRATE JUDGE

cc: All Counsel of Record

6

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

NOACH NEWMAN, ADIN GESS, MAYA
PARIZER, NATALIE SANANDAJI, and
YONI DILLER,

      Plaintiffs,

      v.

THE ASSOCIATED PRESS,

      Defendant.

Case No.: 1:24-cv-20684-KMM

**EXHIBIT A**
**ACKNOWLEDGEMENT AND AGREEMENT**

I, _____, declare that:

I have been given a copy of and have read the Protective Order entered in the above-captioned case. I agree to abide by the Protective Order and not to reveal or otherwise communicate to anyone or utilize any of the information designated "CONFIDENTIAL" that is disclosed to me except in accordance with the terms of the Protective Order. I acknowledge that any violation of the Protective Order may be punishable as contempt of the Court or through monetary sanctions ordered by the Court, or both, and agree to submit to the jurisdiction of the United States District Court for the Southern District of Florida for all matters relative to the Protective Order.

Dated: _____     Signed: _____