UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CV-20684-MOORE/Elfenbein

**NOACH NEWMAN**, *et al.*,

    Plaintiffs,

v.

**THE ASSOCIATED PRESS**,

    Defendant.
_____/

### ORDER ON PLAINTIFFS' ORAL MOTION TO COMPEL, ECF NO. [57]

**THIS CAUSE** is before the Court on Plaintiffs' ("Plaintiffs") Notice of Hearing, ECF No. [54], in which Plaintiffs alerted the Court to the following items ("Item" or "Items") to be discussed at the Discovery Hearing held on July 17, 2024 (the "Hearing"):

> 1. The deadline for the completion of Defendant The Associated Press' ("AP") production of documents responsive to Plaintiff Noach Newman's ("Plaintiff") First Request for Production and for service of a privilege log;
>
> 2. AP's overbreadth, burdensomeness, and proportionality objections with regard to producing documents and communications created after February 21, 2024 in response to request numbers 1 through 18, 27 through 30, and 35[;]
>
> 3. The deadline for service of AP's Second Amended Responses to Plaintiff's First Request for Production;
>
> 4. AP's specification of the type of privilege asserted in response to request numbers 1 through [8], [15] through[ 25, 27 through] 30, and 37 and whether AP is withholding documents based on the privilege;[1]

---

[1] In Item 4 of the Notice of Hearing, Plaintiffs state that an issue exists with respect to "AP's specification of the type of privilege asserted in response to request numbers 1 through 12, 14 through 30, and 37 and whether AP is withholding documents based on the Privilege[.]" ECF No. [54]. However, counsel for Plaintiffs sent an email to chambers — which copied counsel for Defendant, informing the Court that "[i]n its Second Amended Responses and Objections, AP has specified the type of privilege asserted to requests number 9 through 12, 14, and 26[,]" but that "[t]he remainder of the issues listed in item 4 are in still in dispute." The privilege specification issue, therefore, became moot prior to the Hearing.

5. AP's formulaic objections followed by an answer in response to request numbers 1 through 12, 14 through 18, 23 through 25, 27 through 30, and 35 through 36 and whether AP must identify what categories of documents it is withholding based on objections in response to the requests[;]

6. Selection of custodians for AP's document search;

7. Request No. 1 – The scope of the subject of the photographs responsive to the request;

. . . [2]

9. Request No. 3 – AP's overbreadth, burdensomeness, and proportionality objections asserted without any explanation to support these objections and the timeframe for this request;

10. Request No. 13 – The scope of topics and people/entities which would be responsive to the request and AP's overbreadth, burdensomeness, and proportionality objections;

11. Request Nos. 24 through 25 – AP's overbreadth, burdensomeness, and proportionality objections asserted without any explanation to support these objections and the narrowed scope of the types of documents and communications responsive to these requests;

12. Request No. 26 – The scope of topics and people/entities which would be responsive to the request;

13. Request No. 35 – AP's overbreadth, burdensomeness, and proportionality objections that the documents are equally available to Plaintiff from AP's online database, the objections asserted without any explanation to support these objections, and the relevance of the request;

14. Request No. 36 – AP's overbreadth, burdensomeness, and proportionality objections that the documents are equally available to Plaintiff from AP's online database, the objections asserted without any explanation to support these objections, and the scope of the types of documents and communications responsive to the request;

---

[2] In Item 8 of the Notice of Hearing, Plaintiffs state that an issue exists with respect to "[t]he scope of the types of documents and communications responsive to Plaintiff's request[s for production 2 and 15 through 18][.]" However, counsel for Plaintiffs sent an email to chambers — which copied counsel for Defendant, informing the Court that "[t]he [P]arties agreed on the scope of these requests (requests number 2, and 15 through 18)." This issue, therefore, became moot prior to the Hearing.

15. Request Nos. 38 through 41 – The narrowed scope of the requests, AP's relevancy, overbreadth, burdensomeness, and proportionality objections, and the relevancy of the requests;

16. Whether AP must state in its Second Amended Responses whether no responsive documents or communications exist in response to specific requests;

17. The scope of a confidentiality order to be entered in the case. . . .[3]

ECF No. [54] at 1-2.[4]

At the Hearing, the Court ruled on all issues raised in the Notice of Hearing, **ECF No [54]**. To memorialize those rulings and to provide further clarification, it is **ORDERED and ADJUDGED** as follows:

1. With respect to Item 1 of the Notice of Hearing, the Court will hold this matter in **ABEYANCE**. Defendant, the Associated Press ("Defendant"), explained at the Hearing that it cannot produce all responsive documents by August 31, 2024, as Plaintiffs request, because virtually all of it is either in war-torn Gaza or the besieged parts of Israel. Defendant instead asked the Court to allow it until October 15, 2024 to produce the responsive information. Rather than impose a deadline by which Defendant must produce all responsive documents, the Defendant **SHALL** produce responsive documents on a rolling basis as the documents are received by defense counsel and the Parties **SHALL** appear before

---

[3] Defendant also filed a Notice of Hearing on this issue. *See* ECF No. [55] at 1. Specifically, Defendant stated in its Notice that "[t]he matter to be addressed is whether the Court should enter an umbrella protective order to allow for the designation of certain materials exchanged in discovery as confidential." *Id.* Due to the significant overlap between Item 17 of Plaintiffs' Notice of Hearing and the issue raised in Defendant's Notice of Hearing, the Court will consolidate and rule on them together.

[4] In Item 18 of the Notice of Hearing, Plaintiffs seek "[p]roduction of document bates-stamped AP_0000038-39 in readable form." However, counsel for Plaintiffs sent an email to chambers — which copied counsel for Defendant, informing the Court that the Parties resolved "Item 18 in the Notice of Hearing[.]" This issue, therefore, became moot prior to the Hearing.

the undersigned Magistrate Judge for discovery status conferences via Zoom approximately every two weeks to monitor the status of Defendant's document productions. The discovery status conferences will continue until the Court decides otherwise. The Court shall enter a separate order for each status conference it will hold. Furthermore, **on or before August 2, 2024**, counsel for Defendant **SHALL** provide Plaintiffs a privilege log that complies with this District's Local Rules, identifying all discovery Defendant is currently withholding based on privilege. Lastly, as Defendant makes rolling discovery disclosures, Defendant **SHALL** contemporaneously provide Plaintiffs a privilege log of all documents withheld on the basis of privilege in that production, should one be necessary.

2. With respect to Item 2 of the Notice of Hearing, rather than enter a blanket ruling on Defendant's overbreadth objections to Requests for Production 1 through 18, 27 through 30, and 35, the Court individually ruled on Defendant's objections to these Requests as explained below.

3. Defendant's service of its Second Amended Responses to Plaintiffs' First Request for Production **MOOTED** Item 3 of the Notice of Hearing.

4. To the extent Plaintiffs seek "specification [as to] the type of privilege [Defendant] assert[s] in response to request numbers 1 through 12, 14 through 30, and 37 and whether [Defendant] is withholding documents based on the privilege[,]" ECF No. [54] at 2, this issue will be resolved by Defendant's privilege log, which is due **on or before August 2, 2024.** To the extent Plaintiffs are concerned regarding privilege logs for future discovery productions,

Defendant is required to provide Plaintiffs a contemporaneously filed privilege log with each rolling production, should one be necessary.

5. With respect to Item 5 of the Notice, rather than enter a blanket ruling on Defendant's "objections . . . in response to request numbers 1 through 12, 14 through 18, 23 through 25, 27 through 30, and 35 through 36[,]" *id.*, the Court ruled on Defendant's objections to these Requests individually as explained below.

6. With respect to Item 6 of the Notice of Hearing, **on or before August 2, 2024**, Defendant **SHALL** provide Plaintiffs with a list of custodians which it searched in pursuit of the discovery materials sought by Plaintiffs. Should Plaintiffs request that Defendant search other custodians not on the list provided, Defendant may seek an explanation for that request.

7. With respect to Request for Production 1, the Parties agreed at the Hearing on the "scope of the subject of the photographs responsive to the request[,]" *id.*; thus, this issue is **MOOT**. However, concerning Defendant's temporal scope objections to Request for Production 1, for the reasons explained at the hearing, those objections are **OVERRULED**. Accordingly, the Court expands the temporal scope of this Request to May 6, 2024.[5]

8. With respect to Defendant's temporal scope objections to Request for Production 2, for the reasons explained at the hearing, those objections are **OVERRULED**.

---

[5] This ruling relates to Items 2 and 7 of the Notice of Hearing.

Accordingly, the Court expands the temporal scope of this Request to May 6, 2024.[6]

9. Defendant's overbreadth, burdensomeness, and proportionality objections to Request for Production 3 are **SUSTAINED IN PART**. Defendant shall produce "[a]ll documents and communications" between Defendant and the freelance journalists, as that phrase was defined at the Hearing, "that mention, discuss, or describe any Hamas plan to launch an attack on Israel." ECF No. [54-2] at 14. Furthermore, Defendant is only required to provide documents and communications subject to this request that postdate January 1, 2019.[7]

10. With respect to Defendant's temporal scope objections to Requests for Production 4 and 5, those objections are **SUSTAINED**. Accordingly, the Court limits the temporal scope of these Requests to February 21, 2024.[8]

11. With respect to Defendant's temporal scope objections to Requests for Production 6 and 7, for the reasons stated at the Hearing, those objections are **OVERRULED**. Accordingly, the Court expands the temporal scope of this Request to May 6, 2024.[9]

12. At the Hearing, counsel for Plaintiffs indicated that she intended to present an argument on Defendant's temporal scope objection to Request for Production 8

---

[6] This ruling relates to Item 2 of the Notice of Hearing.

[7] This ruling relates to Items 2 and 9 of the Notice of Hearing.

[8] These rulings relate to Item 2 of the Notice of Hearing.

[9] These rulings relate to Item 2 of the Notice of Hearing.

but failed to do so when the opportunity presented itself. Therefore, the Court makes no ruling on the temporal scope of this request.[10]

13. With respect to Defendant's temporal scope objections to Requests for Production 9 and 10, those objections are **SUSTAINED**. Accordingly, the Court limits temporal scope of these Requests to February 21, 2024.[11]

14. With respect to Defendant's temporal scope objections to Requests for Production 11 and 12, those objections are **OVERRULED**. Accordingly, the Court expands the temporal scope of these Requests to May 6, 2024.[12]

15. Defendant's overbreadth, burdensomeness, and proportionality objections to Request for Production 13 are **SUSTAINED in part and OVERRULED in part**. The scope of topics that would be responsive to the request **SHALL** be limited to (1) propaganda, (2) hostages, (3) contracts and arrangements between Defendant and Hamas, (4) sharing of facilities and expenses between Defendant and Hamas, (5) the freelance journalists as that phrase was defined at the Hearing, (6) advance notices of disturbances of Gaza's shoreline and the Israeli-Gazan fence, and (7) any advance notice of training relating to the October 7, 2023 attack. ECF No. [54] at ¶ 10. Additionally, Defendant shall use the following definition of "Hamas officials:" Hamas leaders and ministers of the Hamas government; and the following definition of Hamas "affiliates:" leaders of Joint Room for Palestinian Resistance Factions; al-Qassam Brigades; Palestinian

---

[10] This finding relates to Item 2 of the Notice of Hearing.

[11] These rulings relate to Item 2 of the Notice of Hearing.

[12] These rulings relate to Item 2 of the Notice of Hearing.

Islamic Jihad (PIJ); Popular Front for the Liberation of Palestine (PFLP); National Resistance Brigades: Democratic Front for the Liberation of Palestine; Al-Nasser Salah al-Deen Brigades: Popular Resistance Committees (PRC); Mujahideen Brigades (Palestinian Mujahideen Movement); al-Aqsa Martyrs' Brigades; Jihad Jibril Brigades (Popular Front for the Liberation of Palestine – General Command) (PFLP-GC); Al-Ansar Brigades (Palestinian Freedom Movement); Ayman Jawda Squads; Abd al-Qadr al-Husseini Brigades; and Al-Assefa Army.[13]

16. With respect to Defendant's temporal scope objections to Request for Production 14, those objections are **SUSTAINED**. Accordingly, the Court limits the temporal scope of this Request to February 21, 2024.[14]

17. With respect to Defendant's temporal scope objection to Requests for Production 15 through 18, those objections are **OVERRULED**. The Court expands the temporal scope of these Requests to May 6, 2024.[15]

18. Defendant's overbreadth, burdensomeness, and proportionality objections to Requests for Production 24 and 25 are **OVERRULED**. Defendant, in response to these requests, **SHALL** produce all policies, procedures, guidelines, or directives relating to Hamas in place at Defendant's bureaus in Israel, Gaza, the

---

[13] This ruling relates to Items 2 and 10 of the Notice of Hearing.

[14] This ruling relates to Item 2 of the Notice of Hearing.

[15] These rulings relate to Item 2 of the Notice of Hearing.

West Bank, South Africa, Lebanon, Qatar, Turkey, Iran, and Egypt that are responsive to these Requests.[16]

19. With respect to Item 12 of the Notice of Hearing, the Defendant had already agreed to produce responsive documents, subject only to the reporter's privilege to the extent it applies. As a result, there was no dispute regarding Request for Production 26 at the Hearing; therefore, this issue was **MOOT**.

20. With respect to Defendant's temporal scope objections to Requests for Production 27 through 30, those objections are **SUSTAINED**. Accordingly, the Court limits the temporal scope of these Requests to February 21, 2024.[17]

21. Defendant's overbreadth, burdensomeness, and proportionality objections to Requests for Production 35 and 36 are **SUSTAINED**. Defendant is not required to produce responsive photographs and videos available on the Defendant's server to which Plaintiffs have been given access. However, to the extent Defendant possesses photographs and videos not on the server and within the scope of these Requests, Defendant **SHALL** turn over those photographs and videos; and should Defendant come to possess photographs and videos within the scope of these Requests, Defendant **SHALL** turn over those photographs and videos as soon as practicable.[18]

22. Defendant's relevancy, overbreadth, burdensomeness, and proportionality objections to Request for Production 38 are **OVERRULED in part**. Defendant

---

[16] These rulings relate to Item 11 of the Notice of Hearing.

[17] These rulings relate to Item 2 of the Notice of Hearing.

[18] These rulings relate to Items 13 and 14 of the Notice of Hearing

**SHALL** produce the lease it had during its tenancy in al-Jalaa Tower. Defendant **SHALL** also produce any communication it had with Hamas regarding its tenancy in al-Jalaa Tower from January 1, 2019 until the Tower's destruction in May 2021.[19]

23. Defendant's relevancy, overbreadth, burdensomeness, and proportionality objections to Request for Production 39 are **OVERRULED in part**. Defendant **SHALL** produce documents in its possession from January 1, 2019 until al-Jalaa Tower's destruction in May 2021, discussing Hamas' tenancy or operations out of al-Jalaa Tower.[20]

24. Defendant's relevancy, overbreadth, burdensomeness, and proportionality objections to Request for Production 40 are **OVERRULED in part**. Defendant **SHALL** produce documents in its possession from January 1, 2019 until al-Jalaa Tower's destruction in May 2021, showing that Defendant communicated with other tenants in al-Jalaa Tower regarding Hamas' occupancy in the building.[21]

25. Defendant's relevancy, overbreadth, burdensomeness, and proportionality objections to Request for Production 41 are **SUSTAINED**. Defendant **NEED NOT** produce documents in response to this request.[22]

---

[19] This ruling relates to Item 15 of the Notice of Hearing.

[20] This ruling relates to Item 15 of the Notice of Hearing.

[21] This ruling relates to Item 15 of the Notice of Hearing.

[22] This ruling relates to Item 15 of the Notice of Hearing.

26. With respect to Item 16 of the Notice of Hearing, the Court finds that Defendant's responses in their Second Amended Responses are sufficiently detailed to obviate the need for a ruling on this Item.

27. With respect to Item 17 of the Notice of Hearing, the Court **DEFERS** ruling. Plaintiffs **SHALL** provide the Court with their proposed protective order **on or before July 25, 2024**, through a Notice of Filing. Furthermore, the Parties **SHALL** provide the Court with a Word version of their respective protective orders via e-mail to Elfenbein@flsd.uscourts.gov **no later than July 25, 2024**.[23] After the Parties comply with this Order, the Court will review the Parties respective protective orders and enter an order that serves the interests of justice and efficient prosecution of this case.

**DONE and ORDERED** in Chambers in Miami, Florida on July 24, 2024.

_____
**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

cc:  All Counsel of Record

---

[23] Defendant previously filed its proposed protective order at ECF No. [55].