**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 24-CV-20684-MOORE/Elfenbein

**NOACH NEWMAN**, *et al.*,

    Plaintiffs,

v.

**THE ASSOCIATED PRESS**,

    Defendant.

_____/

**PROTECTIVE ORDER**

**THIS CAUSE** is before the Court on Defendant The Associated Press's Oral Motion for Protective Order, ECF No. [64]. At the July 17, 2024 Discovery Hearing ("Hearing"), ECF No. [56], I ordered the Parties to provide me "with Word document copies of their respective protective orders via electronic mail no later than July 25, 2024." ECF No. [59] at 11 (emphasis and footnote call number omitted). Having reviewed the Parties' respective submissions and finding good cause for the entry of a protective order, the Oral Motion for Protective Order ("Order"), **ECF No. [64]**, is **GRANTED** as follows:

**I.    PURPOSES AND LIMITATIONS**

This Order is entered to prevent or limit disclosure of confidential, proprietary, or private information and documents that have been or may be exchanged or produced in this case. This Order does not confer blanket protections on all disclosures, and the protection it affords extends only to the limited information or documents that are entitled to confidential treatment under applicable legal principles. This Order does not automatically entitle the Parties to file information

or documents under seal. The Parties must follow the Federal Rules of Civil Procedure and applicable Local Rules when seeking to file information or documents under seal.

## II.    DEFINITIONS

1. "Party": Any party to this action, including that party's employees, counsel, consultants, and retained experts.

2. "Non-Party": Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

3. "Discovery Material": All items and information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures, responses to discovery (including responses to third-party subpoenas) or other requests for documentation in this action.

4. "CONFIDENTIAL": The Producing Party may designate any Discovery Material as "CONFIDENTIAL" under the terms of this Order if the Producing Party in good faith believes that it contains (a) information protected from disclosure by any state or federal law, rule, or regulation (such as the Health Insurance Portability and Accountability Act of 1996 ("HIPAA")); (b) information that is proprietary, trade secret, or commercially or competitively sensitive information; (c) unpublished newsgathering information; (d) information that could put individuals at risk of physical harm; or (e) information concerning Plaintiffs Noach Newman, Adin Gess, Maya Parizer, Natalie Sanandaji, and Yoni Diller ("Plaintiffs") or other individuals that is of a private or personal nature including but not limited to home addresses, email addresses, phone numbers, dates of birth, and social security numbers.

5. "Receiving Party": A Party or Non-Party that receives Discovery Material from a Producing Party.

6. "Producing Party": A Party or Non-Party that produces Discovery Material in this case.

7. "Designating Party": A Party or Non-Party that (a) designates Discovery Material, whether produced by a Party or Non-Party, as "CONFIDENTIAL"; or (b) designates one or more portions of a deposition (including the transcript and exhibits) as "CONFIDENTIAL."

8. "Protected Material": Any Discovery Material that is designated as "CONFIDENTIAL."

9. "Privileged Material": Any Discovery Material that is subject to a privilege, including, but not limited to, the attorney-client privilege, the attorney work-product doctrine, or the reporter's privilege.

10. "Expert": A person who has been retained by a Party or its/their counsel to serve as an expert witness or as a consultant in this action (including jury or trial consultants).

### III. SCOPE

1. All Protected Material produced in discovery by Parties or Non-Parties shall be used solely for the purposes of this action and not for any other purpose or function. The protections conferred by this Order cover not only Protected Material, but also (a) any information copied or extracted from Protected Material; (b) all copies, excerpts, summaries, or compilations of Protected Material; and (c) any testimony, conversations, or presentations by Parties or their counsel that might reveal Protected Material. The protections conferred by this Order apply with equal force to those responding to third-party discovery.

2. The protections this Order confers do not extend to the following: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or that becomes part of the public domain after its disclosure to a Receiving Party as a result of publication

not involving violation of this Order, including by becoming part of the public record through trial, hearings in this action, or otherwise; (b) any information known to the Receiving Party prior to disclosure by the Disclosing Party or obtained by the Receiving Party after such disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party; (c) any information that is not designated as "CONFIDENTIAL" under the terms of this Order; and (d) any information that the Parties and/or Non-Parties agree, or the Court rules, is in the public domain or should be de-designated as "CONFIDENTIAL."  The provisions of this Order shall not affect, and this Order does not limit, the use or admissibility of Protected Material (or references to Protected Material) as evidence at trial, or during a hearing or similar proceeding in this action or as part of the record on appeal, provided that either Party may seek an appropriate Court Order to protect Protected Material.

3.     Information produced by any Party as part of discovery in this action may be designated by such Party as "CONFIDENTIAL" only under the terms of this Order.  Blanket designation of information or documents as "CONFIDENTIAL" *en masse* or without regard to the specific contents of each document or piece of information is prohibited.  Upon reasonable request, a Producing Party or Non-Party shall produce, if possible, a redacted version of Discovery Material that has been designated as "CONFIDENTIAL."

**IV.     DURATION**

This Order shall apply from the time it is entered and shall survive the final disposition of this action.  Even after final disposition of this action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (a) dismissal of all claims and defenses in this action, with or without prejudice; or (b) final judgment herein after the

completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

V.    **DESIGNATING DISCOVERY MATERIAL AS "CONFIDENTIAL"**

1.    For testimony given in a deposition or in other pre-trial proceedings, the transcripts, exhibits, and video recordings shall be treated as "CONFIDENTIAL" for 30 days after receipt of the final transcript to allow time for appropriate designation of "CONFIDENTIAL" information. Within the 30-day period, the Designating Party shall designate any portions of the testimony as "CONFIDENTIAL" by specifying in writing the page and line number of the transcript or portions of exhibits.  Designation of a page and line number of a transcript as "CONFIDENTIAL" will also designate any corresponding testimony on video recording in the same manner.  An agreement by the Designating Party to remove a designation of "CONFIDENTIAL" from any portion of a transcript shall have the same effect on any corresponding video recording.

2.    Protected Material contained in an affidavit, brief, memorandum, or other paper filed with the Court may be designated as "CONFIDENTIAL" by conspicuously affixing a legend in the form of "CONFIDENTIAL."

3.    Documents produced in discovery may be designated as "CONFIDENTIAL" by conspicuously affixing a legend in the form of "CONFIDENTIAL."

4.    If a Party elects to produce in electronic form documents or other Discovery Materials that contain Protected Material, the Producing Party shall ensure the electronic documents or Discovery Material contain designations consistent with the designation described above, so that if any electronic information is printed, the designation will appear on the first page of the printed copy.

5. In the case of Protected Material that cannot be reasonably marked "CONFIDENTIAL," such as electronic records and/or native files, it shall be sufficient for the designating party to mark any media produced (e.g., a thumb drive containing confidential information), indicate in the electronic file name that the contents contain Protected Material, or provide written notice to the Receiving Party identifying the information as confidential (e.g., a letter identifying the filenames of electronic records which constitute Protected Material).

VI. **LIMITATION ON DISCLOSURE OF PROTECTED MATERIAL**

1. Unless otherwise ordered by a court or permitted in writing by the Designated Party, Protected Material or copies or extracts therefrom and compilations and summaries thereof may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

(a) The Parties, including officers or employees of any corporate party who are assisting counsel with respect to this proceeding;

(b) The Parties' outside counsel who have appeared of record for a party in this proceeding, as well as regular and temporary employees of such counsel to whom it is necessary to disclose the information or material for purposes of this action;

(c) In-house attorneys for a Party, as well as regular and temporary employees of such in-house attorneys to whom it is necessary to disclose the information or material for the purposes of this action;

(d) Any person who is listed in the Designated Material as an author or recipient of the Designated Material;

(e) With respect to documents where the author or recipient is an entity and documents that are executed or authorized by an entity, any employee or representative of that

entity who was involved in the drafting, negotiation, review, or execution of the document;

(f) Outside experts, advisors, and consultants (including their employees and support staff) retained by counsel of record in this action. Outside experts, advisors, and consultants must be retained solely for the purpose of advising and assisting outside counsel or giving expert testimony in this action;

(g) Deposition, hearing, and trial court reporters and videographers and their support personnel employed in connection with this action;

(h) Graphics or design services retained by counsel for a Party for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in this action;

(i) Non-technical jury or trial consulting services retained by counsel for a Party;

(j) During their depositions, witnesses in the action to whom disclosure is reasonably necessary;

(k) A duly appointed arbitrator, mediator, or other alternative dispute resolution professional and their personnel;

(l) The Court and its personnel;

(m) Any other person only upon order of the Court or upon prior written consent of the Producing Party;

2. Before any Party discloses any Protected Material to any persons covered by subsections (f) or (j) above, that person shall be given a copy of this Order and must agree in writing, in the form of the Acknowledgment and Agreement attached as Exhibit A, to be bound by its terms. Counsel for any Party may require another counsel to provide a copy of the

Acknowledgment and Agreement signed by a witness before the witness is deposed regarding any Protected Material.

## VII. FILING OF PROTECTED MATERIAL

1. If a Party or Non-Party seeks to file with the Court papers that contain or reveal Protected Material, then the filing Party or Non-Party shall file a motion to seal in accordance with the Federal Rules of Civil Procedure and Local Rule 5.4 with respect to the Protected Material. If the Court declines to permit specific Protected Material to be filed under seal, that Protected Material may then be filed with the Court not under seal.

2. The use of Protected Material as evidence at the trial or in hearings of this case shall be subject to such protection as the Court shall determine at that time.

## VIII. CHALLENGING A CONFIDENTIALITY DESIGNATION

Any Party may challenge a designation of confidentiality at any time. If a Party disagrees with the designation of any Discovery Material as "CONFIDENTIAL," such Party shall give written notice to the Designating Party. The Parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the Party challenging the designation may request an order removing the designation from the Court no sooner than 10 days following the service of a written notice of disagreement. Notwithstanding the foregoing, in any proceeding challenging a designation, the Designating Party bears the burden of persuasion demonstrating that the designation of "CONFIDENTIAL" is appropriate under this Order. Until there is a determination by the Court, the Discovery Material shall continue to be treated as "CONFIDENTIAL" and subject to the terms of this Order. Any failure to object to any Discovery Material being designed as "CONFIDENTIAL" shall not be construed as an admission by any non-designating party that the material is appropriately designated as "CONFIDENTIAL."

CASE NO. 24-CV-20684-MOORE/Elfenbein

**IX.   INADVERTENT PRODUCTION**

The inadvertent production of any Discovery Material qualifying for designation as "CONFIDENTIAL" without labeling or other designation as such in accordance with the terms of this Order shall not be deemed a waiver or an impairment of any claim that the Discovery Material is "CONFIDENTIAL." The Producing Party may request that the Discovery Material previously produced without such designation be deemed as "CONFIDENTIAL" by giving written notice within 30 days after actual discovery of the inadvertent disclosure. After giving such notice, the Producing Party shall then have 30 days to designate and provide properly marked copies of the Discovery Material at issue.

**XI.   REQUESTS FOR PROTECTED MATERIAL IN OTHER ACTIONS**

If any Party receives a subpoena, document request, or similar demand or legal process from a person or government entity not a Party to this action ("Subpoenaed Party") that calls for the disclosure or production of Protected Material, the Subpoenaed Party shall promptly inform the Designating Party in writing. The Designating Party shall be responsible for asserting its own objections to the subpoena, document request, or similar demand in the relevant proceeding, and providing the Subpoenaed Party notice of that objection, within 14 days. If the Designating Party fails to assert an objection and provide notice to the Subpoenaed Party within that timeframe, the Subpoenaed Party shall be permitted to produce the relevant Discovery Material in compliance with the subpoena, document request, or similar demand or legal process. Nothing in this Order shall be construed as precluding production of Protected Material covered by this Order in response to a lawful court order.

XIV.  **STORAGE OF PROTECTED MATERIAL**

Protected Material must be stored and maintained by a Receiving Party in a secure manner that ensures access is limited to the persons authorized under this Order.  Nothing in this Order shall be deemed to restrict in any way any Producing Party's use of its own Protected Material.

XV.  **RETURN OF DOCUMENTS**

Within 60 days of final termination of this action, including any appeal, Protected Material, including all copies, abstracts, summaries, and excerpts thereof (but not including deposition transcripts, copies of any papers filed with the Court, and trial preparation material) shall either be returned to the Producing Party, made available for retrieval by the Producing Party, or destroyed by counsel for the Receiving Party and certified as such to the Producing Party.

XVI.  **MODIFICATION**

This Protective Order may be modified by written stipulation among the parties if approved by the Court. Absent stipulation, any party may seek modification by proper application to the Court.

**DONE and ORDERED** in Chambers in Miami, Florida on August 21, 2024.

*/s/ Marty Elfenbein*
**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

cc:  All Counsel of Record

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 24-CV-20684-MOORE/Elfenbein

**NOACH NEWMAN**, *et al.*,

    Plaintiffs,

v.

**THE ASSOCIATED PRESS**,

    Defendant.
_____/

**EXHIBIT A**
**ACKNOWLEDGEMENT AND AGREEMENT**

I, _____, declare that:

I have been given a copy of and have read the Protective Order entered in the above-captioned case. I agree to abide by the Protective Order and not to reveal or otherwise communicate to anyone or utilize any of the information designated "CONFIDENTIAL" that is disclosed to me except in accordance with the terms of the Protective Order. I acknowledge that any violation of the Protective Order may be punishable as contempt of the Court or through monetary sanctions ordered by the Court, or both, and agree to submit to the jurisdiction of the United States District Court for the Southern District of Florida for all matters relative to the Protective Order.

Dated: _____    Signed: _____