# Exhibit B

**Source Materials Relevant to Discovery Dispute**

- Defendants' First Request for Production Directed to Plaintiffs

- Plaintiffs' Responses to Defendant's First Requests for Production

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Case No.: 1:24-cv-20684-KMM**

NOACH NEWMAN, ADIN GESS,
MAYA PARIZER, NATALIE SANANDAJI
and YONI DILLER,

      Plaintiffs,

v.

THE ASSOCIATED PRESS,

      Defendant.

_____/

## <u>DEFENDANT'S FIRST REQUEST FOR PRODUCTION DIRECTED TO PLAINTIFFS</u>

Pursuant to Federal Rule of Civil Procedure 34 and Local Rule 26.1 of the United States District Court for the Southern District of Florida, Defendant The Associated Press, by and through its attorneys, hereby propounds the following First Set of Requests for the Production of Documents Directed to Plaintiffs Noach Newman, Adin Gess, Maya Parizer, Natalie Sanandaji, and Yoni Diller (the "Document Requests").  Within 30 days of the service date of the Document Requests, Plaintiffs shall serve written responses to the Document Requests and shall produce or make available those documents and things to which Plaintiffs have no objection.

In accordance with Rule 26(e)(1) of the Federal Rules of Civil Procedure, each Plaintiff has a continuing duty to supplement his/her responses to these Document Requests and to provide any additional responsive documents obtained or discovered subsequent to the date on which a response is made or if Plaintiff obtains information that renders his/her production incomplete or inaccurate.

## DEFINITIONS

1.      "Plaintiff," "you," or "your" means Plaintiffs Noach Newman, Adin Gess, Maya Parizer, Natalie Sanandaji, and Yoni Diller as is applicable to each person and includes any of his/her agents, representatives, attorneys, and anyone acting on his/her behalf.

2.      "The AP" means The Associated Press and any agent, affiliate, employee, officer, director, attorney, or representative of The Associated Press.

3.      "Action" refers to the action commenced on February 21, 2024, *Noach Newman, et al. v. The Associated Press*, Case No. 1:24-cv-20684-KKM (S.D. Fla.).

4.      "Amended Complaint" means the Amended Complaint filed in the Action.

5.      "Communication" includes any type of correspondence and any oral conversation, interview, discussion, telephone conversation, or voicemail, as well as every kind of written or graphic communication.

6.      "Correspondence" when used herein includes letters, emails, text messages, social media messages, instant messages, social media posts, memoranda, and any other documents used to make or to record communications.

7.       "Document" or "documents" includes, without limitation, any written, printed, typed, recorded, graphic, charted, photographic, electronic, or taped matter, however produced or reproduced, and any other tangible object.  The terms "document" or "documents" shall also encompass all documents and things described in, and obligated to be produced under, Federal Rule of Civil Procedure 34, including but not limited to electronically stored information.

8.      "Emotional Injury" means any emotional, psychiatric, or psychological harm suffered by you with respect to which you allege that The AP should be held liable.

9.      "Hamas" means Harakat al-Muqawama al-Islamiya.

10.     "Health Care Facility" means any hospital, clinic, physician's office, sanitarium, infirmary, pharmacy, laboratory, medical institution, or any other facility that provides or assists in providing medical, physical, emotional, psychiatric, or psychological care.

11.     "Health Care Professional" means any physician, psychiatrist, psychologist, psychiatric social worker, dentists, nurse, orderly, therapist, or any other person that provides or assists in providing medical, physical, emotional, psychiatric, or psychological care.

12.     "Incident" means the specific act that is alleged to have caused an Injury, as defined herein.

13.     "Injury" means a Physical Injury or Emotional Injury.

14.      "Medical Records" means any and all medical documents including but not limited to x-rays, pathological materials, slides, blocks, tissues, admission records, notes and histories, nurses' notes, physicians' reports, prescription records, psychiatric and psychological records, and all related correspondence, billing records and invoices, or any other record produced or provided to or by a health care facility or a health care professional.

15.     "Physical Injury" means any bodily harm suffered by you with respect to which you allege that The AP should be held liable.

## **<u>INSTRUCTIONS</u>**

1.     Unless otherwise stated, these Document Requests seek the production of documents from January 1, 2019 to the present.

2.     No Document Request shall be construed to create a limitation upon any other discovery request.

3

3.      The words "any" and "all" shall be construed to mean "any" or "all" as required to bring within the scope of these Document Requests documents that might otherwise be considered to be beyond their scope.

4.      The Document Requests should be construed as being inclusive rather than exclusive.  Thus, words importing the singular shall include the plural; words importing the plural shall include the singular; "and" or "or" shall be construed conjunctively or disjunctively as necessary to make the Document Requests inclusive.

5.      In producing the documents requested herein, please indicate the specific Document Request(s) in response to which each document or group of documents is being produced.

6.      If, in answering these Document Requests or any other discovery request, you encounter any vagueness or ambiguity in construing either the Document Request or a definition or instruction relevant to the inquiry contained within the Document Request, please set forth the matter deemed vague or ambiguous and set forth the construction chosen or used in answering the Document Request.

7.      If you are not aware of any documents responsive to a Document Request, please state this fact.

8.      With respect to your response to the following Document Requests, if any information is withheld because of a claim of privilege, please provide a privilege log in accordance with Local Rule 26.1(e)(2).

## **DOCUMENTS REQUESTED**

1.      Documents sufficient to establish your place(s) of residence, citizenship, and nationality (a) at the time the Amended Complaint was filed, and (b) at the time of the Incident or your Injury if different.

2.      All documents reflecting testimony by you in any lawsuit or arbitration hearing, including but not limited to transcripts of any pretrial deposition, declaration, affidavit, or sworn trial testimony given by you in any action pending before any court or arbitral tribunal.

3.      Documents sufficient to identify any lawsuit or arbitral proceeding in which you are currently, or were previously, a party, as well as all pleadings filed by or on behalf of you in any such lawsuit or arbitral proceeding.

4.      If you have filed a lawsuit or asserted a claim against any party other than The AP concerning your Injury or the Incident, all documents concerning such lawsuit or claim, including but not limited to complaints, deposition transcripts, discovery materials, trial transcripts, and verdicts or judgments.

5.      All documents referred to or relied upon in your initial disclosures, dated May 7, 2024.

6.      All documents and communications concerning the Incident, including but not limited to photographs, social media posts, recordings, newspaper reports, magazine articles, copies of websites, recordings or transcripts of radio or television reportage, police reports, insurance reports, and all other documents that reference or relate to the Incident.

7.      To the extent not otherwise included above, all documents authored by you, or provided to you, including but not limited to memoranda, diaries, notes of conversations, documents, and audio or video recordings, that refer or relate to your Injury or the Incident.

8.      All documents and communications from or to you with any of the other Plaintiffs in this Action concerning the Incident.

9.      All documents and communications from or to you with any of the other Plaintiffs in this Action concerning Hamas.

10.     All documents and communications concerning The AP.

11.     All documents and communications concerning Hassan Eslaiah, Yousef Masoud, Ali Mahmud, Hatem Ali, Abed Abu Reash, or "similarly situated journalists embedded with or affiliated with Hamas" as alleged in paragraph 31 of the Amended Complaint.

12.     All documents and communications concerning any alleged relationship between The AP and Hamas.

13.     All documents and communications concerning any relationship between The AP and Hassan Eslaiah, Yousef Masoud, Ali Mahmud, Hatem Ali, Abed Abu Reash, or "similarly situated journalists embedded with or affiliated with Hamas" as alleged in paragraph 31 of the Amended Complaint.

14.     All documents and communications concerning any alleged relationship between Hamas and Hassan Eslaiah, Yousef Masoud, Ali Mahmud, Hatem Ali, Abed Abu Reash, or "similarly situated journalists embedded with or affiliated with Hamas" as alleged in paragraph 31 of the Amended Complaint.

15.     All documents and communications concerning The AP's alleged foreknowledge of Hamas' attack on Israel on October 7, 2023.

16.     All documents and communications evidencing or relating to any monies transferred by The AP to Hamas or to any alleged affiliate of Hamas.

17.     All documents concerning The AP's alleged relationship to the Incident, including but not limited to any documents reflecting The AP's alleged collection, provision, or transmission of any support, money, or financial services, either directly or indirectly, to or from Hamas.

18.     All documents and communications supporting or refuting the allegation in paragraph 40 of the Amended Complaint that "[t]hese payments are a direct funding source for Hamas."

19.     All Medical Records, including but not limited to any and all reports and other documents generated by any Health Care Professional or any Health Care Facility concerning your Injury.

20.     All documents evidencing or relating to private or public insurance coverage pursuant to which compensation for your Injury, or for treatment related to your Injury, was or could have been sought and any such coverage, benefits, or payments either provided or declined.

21.     If you or someone acting on your behalf has filed a claim with or submitted to the Israeli National Insurance Institute, the Israeli Ministry of Defense or armed forces, the United States government, or any of its branches or agencies, including but not limited to Social Security, Medicare, or Medicaid, or any other government or private insurance company, pension fund, charitable organization, social organization, or religious organization, all communications and documents concerning your claim.

22.     If you have received payments, benefits, or other compensation in connection with your Injury or the Incident, from any source, including but not limited to the Israeli National Insurance Institute, the Israeli Ministry of Defense or armed forces, the U.S. government or any

of its branches or agencies, including but not limited to Social Security, Medicare, or Medicaid, or any other government, private insurance company, pension fund, charitable organization, social organization, or religious organization, all communications and documents concerning such proceedings, including your claim and any payments, benefits, or compensation.

23.     All of your calendars, appointment books, date books, journals, or similar appointment maintenance documents (including electronic appointment documents or calendars) that concern your medical condition or psychological, social, or emotional well-being, your Injury, or the Incident.

24.     All documents and communications concerning any physical impact you experienced during or as a result of the Incident.

25.     All documents concerning any basis upon which you seek compensatory damages.

26.     All correspondence or documents of any kind exchanged between you and any third person concerning the Incident.

27.     All documents and Medical Records from any time period that concern your medical, psychological, or emotional care history, including all medical, emotional, psychological, psychiatric, or therapeutic diagnoses, care, examinations, consultations, or treatments you have received, including but not limited to any and all reports and other documents generated by any Health Care Professional or any Health Care Facility.

28.     Documents sufficient to identify all Health Care Facilities, Health Care professionals, or other persons, facilities, or groups from which you have received diagnoses, care, examinations, consultations, or treatments, whether paid or unpaid.

29.     All records concerning your military service, if any.

30.  If you seek damages related to lost future wages or earnings:

   a.  All documents relating to your financial history for the previous ten years, including but not limited to securities accounts, bank accounts, loans, and credit card statements.

   b.  Your federal, state and local income tax returns for the previous ten years, whether filed individually or jointly, including all attachments, schedules, and earnings statements (Forms W-2, SSA, 1099-R, etc.) or, if you pay taxes to authorities outside the United States, all such other similar records with respect to any and all such authorities.

   c.  All documents evidencing or relating to your employment history, including place, date, and type of employment, personnel or human resources records, and description of job functions, if any.

   d.  All documents evidencing or relating to your education, including but not limited to graduation from high school and any post-high school education or vocational training.

31.  Any posts by you on any website, social media account, or blog pertaining to acts of terrorism, the causes of terrorism, the means of stopping terrorism, the identification of any terrorist organizations, or any other discussion or evidence of terrorism or terrorist activities.

32.  Any posts by you on any website, social media account, or blog pertaining to pro-Israel advocacy or commentary on news coverage of Israel.

33.  All documents evidencing or relating to the role of any news organization, other than The AP, in financing, aiding and abetting, or otherwise contributing to the Incident or your Injury.

34.     All documents evidencing or relating to the role of any news organization, other than The AP, in financing, aiding and abetting, or otherwise contributing to the activities of Hamas.

35.     Copies of all statements quoted or referenced in the Amended Complaint.

36.     All documents exchanged and communications between you and Gil Hoffman or the organization known as Honest Reporting.

37.     All documents exchanged and communications between you and the organization currently known as the Committee for Accuracy in Middle East Reporting and Analysis (CAMERA).

38.     All documents evidencing or relating to alleged communications between The AP and (a) Hamas, (b) any alleged terrorist organization or individual alleged to be a member or affiliate of an alleged terrorist organization, or (c) any person affiliated with or at any time providing assistance to any alleged terrorist organization or individual alleged to be a member or affiliate of an alleged terrorist organization.

39.     To the extent not otherwise included above, all documents evidencing or relating to any alleged commercial dealings between The AP and any alleged terrorist organization or individual alleged to be a member or affiliate of an alleged terrorist organization.

40.     To the extent not otherwise included above, all documents upon which you rely in support of your allegations in the Amended Complaint, and all documents otherwise concerning the allegations in the Amended Complaint, including but not limited to (a) documents reviewed by you in connection with formulating your allegations or on which you otherwise rely; (b) communications or correspondence to or from you concerning the allegations in the Amended Complaint; and (c) documents concerning or arising from any investigation or analysis

performed by you, including but not limited to news articles, photographs, website materials, business records, court records, and or police or other official reports obtained as a result of such investigation or analysis.

41.     If you have been arrested, charged with, or convicted of a crime in the last ten years, all documents concerning all such arrests, charges, or convictions.

42.     All documents that evidence facts contrary to those alleged in the Amended Complaint.

43.     All documents regarding any person or entity that is not a party to the Action and is providing funding for some or all of the attorneys' fees and expenses for Plaintiffs' lawsuit against The AP on a non-recourse basis in exchange for (a) a contingent financial interest based upon the results of the litigation or (b) a non-monetary result that is not in the nature of a personal or bank loan or insurance.

44.     Documents sufficient to identify any funder(s) referenced in Document Request No. 43, including the name, address, and if a legal entity, its place of formation.

45.     Documents sufficient to show whether approval by the funder(s) referenced in Document Request No. 43 is necessary for litigation decisions or settlement decisions in the Action, and if the answer is in the affirmative, the nature of the terms and conditions relating to that approval.

46.     Documents sufficient to provide a brief description of the nature of the financial interest by any funder(s) referenced in Document Request 43.

47.     All documents and communications supporting or refuting the allegation in paragraph 38 of the Amended Complaint that "[d]espite AP's feigned shock that it was sharing premises with an FTO, it was in fact an open 'secret' that it had an understanding with Hamas."

48.     All documents and communications supporting or refuting the allegation in paragraph 45 of the Amended Complaint that "[o]n the morning of October 7th, the Hamas-Affiliated 'Journalists' arrived at roughly the same time as the initial Hamas terrorists who breached entry into the State of Israel, indicating that they had advance knowledge of the plan to attack."

49.     All documents and communications supporting or refuting the allegation in paragraph 65 of the Amended Complaint that "[t]he Hamas Affiliated 'Journalists' prior knowledge of the attack, their presence among a violent group of terrorists overwhelming Israeli security, trespassing on sovereign Israeli territory, infiltrating sensitive military and civilian areas via trespass, and, as evident in the photo and video material, leering joyfully and celebrating the murders of civilians, meaningfully added to the numerical force of the Hamas Terrorists, and, upon information and belief, a) both greatly contributed to the terror that the civilians felt and b) also increased the difficulty for Israel to address and respond to the Terrorist Attack."

50.     All documents and communications supporting or refuting the allegation in paragraph 103 of the Amended Complaint that "Hamas used and relied on AP as an important tool to spread its messaging, increase its terroristic capabilities, and facilitate and carry out its propaganda and recruitment efforts in Gaza and internationally."

51.     All documents and communications concerning the photographs and videos published by The AP on October 7, 2023.

52.     All documents exchanged with and communications between any of the Plaintiffs and any elected official or attorney general concerning the events of October 7, 2023 or the Action.

53.     All documents exchanged with and communications between any of the Plaintiffs and any party to any other lawsuit or arbitral proceeding concerning the events of October 7, 2023 or the Action.

54.     All documents exchanged with and communications between any of the Plaintiffs and the National Jewish Advocacy Center.

Date: September 5, 2024

Respectfully submitted,

BALLARD SPAHR LLP

By:     */s/ Charles D. Tobin*
    Charles D. Tobin (Fla. Bar No. 816345)
    1909 K Street, NW, 12th Floor
    Washington, DC 20006
    Telephone: (202) 661-2200
    Fax: (202) 661-2299
    tobinc@ballardspahr.com

    R. Stephen Stigall (*pro hac vice*)
    Elizabeth Seidlin-Bernstein (*pro hac vice*)
    1735 Market Street, 51st Floor
    Philadelphia, PA 19103
    Telephone: (215) 665-8500
    Fax: (215) 864-8999
    stigalls@ballardspahr.com
    seidline@ballardspahr.com

    *Attorneys for Defendant The Associated Press*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 5, 2024, I caused a true and correct copy of the

foregoing Defendant's First Request for Production Directed to Plaintiffs to be served on counsel

of record for all parties via email.

Date: September 5, 2024                          _/s/ Charles D. Tobin_
                                                 Charles D. Tobin

**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

NOACH NEWMAN, ADIN GESS, MAYA
PARIZER, NATALIE SANANDAJI, and
YONI DILLER,

        Plaintiffs,

        v.

THE ASSOCIATED PRESS,

        Defendant.

Case No.: 1:24-cv-20684-KMM

**PLAINTIFFS' RESPONSES TO DEFENDANT'S
FIRST REQUESTS FOR PRODUCTION**

Plaintiffs Noach Newman, Adin Gess, Maya Parizer, Natalie Sanandaji, and Yoni Diller ("Plaintiffs"), by and through undersigned counsel and pursuant to the Federal Rules of Civil Procedure Rule 34, hereby respond to The Associated Press's ("AP") First Request for Production dated September 5, 2024.

1.    Documents sufficient to establish your place(s) of residence, citizenship, and nationality (a) at the time the Amended Complaint was filed, and (b) at the time of the Incident or your Injury if different.

**Response:**

**Plaintiffs object to the definition of "Plaintiff" "You," or "Your" to the extent they include Plaintiffs' attorneys as the request for production is directed to the parties and not the parties' attorneys.** *See* **FRCP 34(a).**

**Plaintiffs Newman, Parizer, Sanandaji, and Diller object to this Request to the extent it seeks documents sufficient to establish their place of residence as they are irrelevant and disproportionate to the needs of this case. Where Plaintiffs were residing has nothing to do**

with the claims asserted in this case.

Plaintiff Gess objects to this Request to the extent it seeks documents sufficient to establish his place of residence at the time the Amended Complaint was filed as they are irrelevant and disproportionate to the needs of this case. Where Plaintiff Gess was residing at the time the Amended Complaint was filed has nothing to do with the claims asserted in this case.

All Plaintiffs object to this Request to the extent it seeks documents sufficient to establish any citizenship and nationality other than United States citizenship or nationality as nationality or citizenship of any other country is irrelevant to the claims asserted in this case and disproportionate to the needs of this case.

Subject to and without waiving the foregoing objections, Plaintiff Gess will produce documents sufficient to establish that Kibbutz Holit was his place of residence at the time of the Incident, and all Plaintiffs will produce documents sufficient to establish that they are United States citizens.

2.      All documents reflecting testimony by you in any lawsuit or arbitration hearing, including but not limited to transcripts of any pretrial deposition, declaration, affidavit, or sworn trial testimony given by you in any action pending before any court or arbitral tribunal.

**Response:**

Plaintiffs object to the definition of "Plaintiff" "You," or "Your" to the extent they include Plaintiffs' attorneys as the request for production is directed to the parties and not the parties' attorneys. *See* FRCP 34(a).

Plaintiffs also object to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent that it seeks documents and

communications created before October 7, 2023 and after February 21, 2024 - the date that this action was filed.

Plaintiffs further object to this Request as irrelevant to the claims and defenses, overly broad, unduly burdensome, and disproportionate to the needs of the case as it seeks all documents reflecting any testimony ever given in any lawsuit or arbitration. Accordingly, Plaintiffs will not produce documents in response to this Request.

3.      Documents sufficient to identify any lawsuit or arbitral proceeding in which you are currently, or were previously, a party, as well as all pleadings filed by or on behalf of you in any such lawsuit or arbitral proceeding.

**Response:**

Plaintiffs object to the definition of "Plaintiff" "You," or "Your" to the extent they include Plaintiffs' attorneys as the request for production is directed to the parties and not the parties' attorneys. *See* FRCP 34(a).

Plaintiffs also object to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent that it seeks documents and communications created before October 7, 2023 and after February 21, 2024 - the date that this action was filed.

Plaintiffs further object to this Request as irrelevant, overly broad, and disproportionate to the needs of the case as it seeks documents sufficient to identify any lawsuit or arbitral proceeding without regard for the claims and defenses in this case. Accordingly, Plaintiffs will not produce documents in response to this Request.

4.      If you have filed a lawsuit or asserted a claim against any party other than The AP concerning your Injury or the Incident, all documents concerning such lawsuit or claim, including

but not limited to complaints, deposition transcripts, discovery materials, trial transcripts, and verdicts or judgments.

**Response:**

Plaintiffs object to the definition of "Plaintiff" "You," or "Your" to the extent they include Plaintiffs' attorneys as the request for production is directed to the parties and not the parties' attorneys. *See* **FRCP 34(a).**

Plaintiffs also object to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent that it seeks documents and communications created before October 7, 2023 and after February 21, 2024 - the date that this action was filed.

Plaintiffs further object to this Request to the extent that it seeks information protected from discovery by privilege, including but not limited to the attorney-client privilege, the attorney work-product doctrine, and the common-interest privilege, and will produce a privilege log in compliance with Local Rule 26.1(e)(2). Pursuant to Local Rule 26.1(e)(2)(C), Plaintiffs will not include in their privilege log communications between Plaintiffs and their counsel after commencement of the action and work product material created after commencement of the action.

Plaintiffs further object to this Request as irrelevant to the claims, overly broad, unduly burdensome, and disproportionate to the needs of the case as it seeks all documents concerning any lawsuits or claims relating to the Injury or the Incident. Accordingly, Plaintiffs will not produce documents in response to this Request.

5.      All documents referred to or relied upon in your initial disclosures, dated May 7, 2024.

**Response:**

Plaintiffs object to the definition of "Plaintiff" "You," or "Your" to the extent they include Plaintiffs' attorneys as the request for production is directed to the parties and not the parties' attorneys. *See* FRCP 34(a).

Subject to and without waiving the foregoing objection, the documents referred to or relied upon in Plaintiffs' initial disclosures dated May 7, 2024 are either attached to the Complaint or the website addresses of the documents are listed in Plaintiffs' initial disclosures as detailed in Plaintiffs' initial disclosures. Additionally, *see* all documents produced in discovery in this matter as stated in Plaintiffs' May 7, 2024 Initial Disclosures. Accordingly, Plaintiffs will not produce documents responsive to this Request as this Request is overly broad and disproportionate to the needs of the case because these documents are equally available to AP.

6.      All documents and communications concerning the Incident, including but not limited to photographs, social media posts, recordings, newspaper reports, magazine articles, copies of websites, recordings or transcripts of radio or television reportage, police reports, insurance reports, and all other documents that reference or relate to the Incident.

**Response:**

Plaintiffs object to the definition of "Plaintiff" "You," or "Your" to the extent they include Plaintiffs' attorneys as the request for production is directed to the parties and not the parties' attorneys. *See* FRCP 34(a).

Plaintiffs also object to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent that it seeks documents and communications created before October 7, 2023 and after February 21, 2024 - the date that

this action was filed.

Plaintiffs further object to this Request to the extent that it seeks information protected from discovery by privilege, including but not limited to the attorney-client privilege, the attorney work-product doctrine, and the common-interest privilege, and will produce a privilege log in compliance with Local Rule 26.1(e)(2). Pursuant to Local Rule 26.1(e)(2)(C), Plaintiffs will not include in their privilege log communications between Plaintiffs and their counsel after commencement of the action and work product material created after commencement of the action.

AP defines "Incident" as the specific act that is alleged to have caused a "Physical Injury" (any bodily harm suffered by Plaintiffs with respect to which Plaintiffs allege that AP should be held liable) or "Emotional Injury" (any emotional, psychiatric, or psychological harm suffered by Plaintiffs with respect to which Plaintiffs allege that AP should be held liable). Plaintiffs object to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case as it seeks all documents concerning the Incident.

Subject to and without waiving the foregoing objections, Plaintiffs will produce non-privileged documents and communications created between October 7, 2023 and February 21, 2024 under the Court's confidentiality order showing Plaintiffs' physical and emotional injury as alleged in the Amended Complaint.

7.      To the extent not otherwise included above, all documents authored by you, or provided to you, including but not limited to memoranda, diaries, notes of conversations, documents, and audio or video recordings, that refer or relate to your Injury or the Incident.

**Response:**

Plaintiffs object to the definition of "Plaintiff" "You," or "Your" to the extent they include Plaintiffs' attorneys as the request for production is directed to the parties and not the parties' attorneys. *See* FRCP 34(a).

Plaintiffs also object to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent that it seeks documents and communications created before October 7, 2023 and after February 21, 2024 - the date that this action was filed.

Plaintiffs further object to this Request to the extent that it seeks information protected from discovery by privilege, including but not limited to the attorney-client privilege, the attorney work-product doctrine, and the common-interest privilege, and will produce a privilege log in compliance with Local Rule 26.1(e)(2). Pursuant to Local Rule 26.1(e)(2)(C), Plaintiffs will not include in their privilege log communications between Plaintiffs and their counsel after commencement of the action and work product material created after commencement of the action.

AP defines "Incident" as the specific act that is alleged to have caused a "Physical Injury" (any bodily harm suffered by Plaintiffs with respect to which Plaintiffs allege that AP should be held liable) or "Emotional Injury" (any emotional, psychiatric, or psychological harm suffered by Plaintiffs with respect to which Plaintiffs allege that AP should be held liable). Plaintiffs object to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case as it seeks all documents authored by Plaintiffs, or provided to Plaintiffs, that refer or relate to your Injury or the Incident. Subject to and without waiving these objections, Plaintiffs will produce non-privileged documents and communications created between October 7, 2023 and February 21, 2024 under the Court's

confidentiality order showing Plaintiffs' physical and emotional injury as alleged in the Amended Complaint.

8.      All documents and communications from or to you with any of the other Plaintiffs in this Action concerning the Incident.

**Response:**

Plaintiffs object to the definition of "Plaintiff" "You," or "Your" to the extent they include Plaintiffs' attorneys as the request for production is directed to the parties and not the parties' attorneys. *See* FRCP 34(a).

Plaintiffs also object to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent that it seeks documents and communications created before October 7, 2023 and after February 21, 2024 - the date that this action was filed.

Plaintiffs further object to this Request to the extent that it seeks information protected from discovery by privilege, including but not limited to the attorney-client privilege, the attorney work-product doctrine, and the common-interest privilege, and will produce a privilege log in compliance with Local Rule 26.1(e)(2). Pursuant to Local Rule 26.1(e)(2)(C), Plaintiffs will not include in their privilege log communications between Plaintiffs and their counsel after commencement of the action and work product material created after commencement of the action.

AP defines "Incident" as the specific act that is alleged to have caused a "Physical Injury" (any bodily harm suffered by Plaintiffs with respect to which Plaintiffs allege that AP should be held liable) or "Emotional Injury" (any emotional, psychiatric, or psychological harm suffered by Plaintiffs with respect to which Plaintiffs allege that AP

should be held liable). **Subject to and without waiving the foregoing objections, Plaintiffs will all non-privileged documents and communications between Plaintiffs in this Action concerning the Incident which were created between October 7, 2023 and February 21, 2024.**

9.      All documents and communications from or to you with any of the other Plaintiffs in this Action concerning Hamas.

**Response:**

Plaintiffs object to the definition of "Plaintiff" "You," or "Your" to the extent they include Plaintiffs' attorneys as the request for production is directed to the parties and not the parties' attorneys. *See* FRCP 34(a).

Plaintiffs also object to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent that it seeks documents and communications created before October 7, 2023 and after February 21, 2024 - the date that this action was filed.

Plaintiffs further object to this Request to the extent that it seeks information protected from discovery by privilege, including but not limited to the attorney-client privilege, the attorney work-product doctrine, and the common-interest privilege, and will produce a privilege log in compliance with Local Rule 26.1(e)(2). Pursuant to Local Rule 26.1(e)(2)(C), Plaintiffs will not include in their privilege log communications between Plaintiffs and their counsel after commencement of the action and work product material created after commencement of the action.

Plaintiffs further object to this Request as irrelevant to the claims, overly broad, and disproportionate to the needs of the case as it seeks all documents and communications between the Plaintiffs in this Action concerning Hamas. Accordingly, Plaintiffs will not

**produce documents in response to this Request.**

      10.    All documents and communications concerning The AP.

**Response:**

      **Plaintiffs object to the definition of "Plaintiff" "You," or "Your" to the extent they include Plaintiffs' attorneys as the request for production is directed to the parties and not the parties' attorneys.** *See* **FRCP 34(a).**

      **Plaintiffs also object to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent that it seeks documents and communications created before October 7, 2023 and after February 21, 2024 - the date that this action was filed.**

      **Plaintiffs further object to this Request to the extent that it seeks information protected from discovery by privilege, including but not limited to the attorney-client privilege, the attorney work-product doctrine, and the common-interest privilege, and will produce a privilege log in compliance with Local Rule 26.1(e)(2). Pursuant to Local Rule 26.1(e)(2)(C), Plaintiffs will not include in their privilege log communications between Plaintiffs and their counsel after commencement of the action and work product material created after commencement of the action.**

      **Plaintiffs further object to this Request as overly broad and disproportionate to the needs of the case as it seeks all documents and communications concerning AP. Accordingly, unless AP narrows the scope of this Request, Plaintiffs will not produce documents in response to this Request.**

      11.    All documents and communications concerning Hassan Eslaiah, Yousef Masoud, Ali Mahmud, Hatem Ali, Abed Abu Reash, or "similarly situated journalists embedded with or

affiliated with Hamas" as alleged in paragraph 31 of the Amended Complaint.

**Response:**

Plaintiffs object to the definition of "Plaintiff" "You," or "Your" to the extent they include Plaintiffs' attorneys as the request for production is directed to the parties and not the parties' attorneys. *See* FRCP 34(a).

Plaintiffs also object to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent that it seeks documents and communications created before October 7, 2023 and after February 21, 2024 - the date that this action was filed.

Plaintiffs object to this Request to the extent that it seeks information protected from discovery by privilege, including but not limited to the attorney-client privilege, the attorney work-product doctrine, and the common-interest privilege, and will produce a privilege log in compliance with Local Rule 26.1(e)(2). Pursuant to Local Rule 26.1(e)(2)(C), Plaintiffs will not include in their privilege log communications between Plaintiffs and their counsel after commencement of the action and work product material created after commencement of the action.

Subject to and without waiving the foregoing objections, Plaintiffs will produce responsive non-privileged documents created between October 7, 2023 and February 21, 2024 to the extent they exist.

12.     All documents and communications concerning any alleged relationship between The AP and Hamas.

**Response:**

Plaintiffs object to the definition of "Plaintiff" "You," or "Your" to the extent they

include Plaintiffs' attorneys as the request for production is directed to the parties and not the parties' attorneys. *See* **FRCP 34(a).**

Plaintiffs also object to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent that it seeks documents and communications created after February 21, 2024 - the date that this action was filed.

Plaintiffs further object to this Request to the extent that it seeks information protected from discovery by privilege, including but not limited to the attorney-client privilege, the attorney work-product doctrine, and the common-interest privilege, and will produce a privilege log in compliance with Local Rule 26.1(e)(2). Pursuant to Local Rule 26.1(e)(2)(C), Plaintiffs will not include in their privilege log communications between Plaintiffs and their counsel after commencement of the action and work product material created after commencement of the action.

Subject to and without waiving the foregoing objections, Plaintiffs will produce responsive non-privileged documents created before February 21, 2024 to the extent they exist.

13.     All documents and communications concerning any relationship between The AP and Hassan Eslaiah, Yousef Masoud, Ali Mahmud, Hatem Ali, Abed Abu Reash, or "similarly situated journalists embedded with or affiliated with Hamas" as alleged in paragraph 31 of the Amended Complaint.

**Response:**

Plaintiffs object to the definition of "Plaintiff" "You," or "Your" to the extent they include Plaintiffs' attorneys as the request for production is directed to the parties and not the parties' attorneys. *See* **FRCP 34(a).**

Plaintiffs also object to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent that it seeks documents and communications created after February 21, 2024 - the date that this action was filed.

Plaintiffs further object to this Request to the extent that it seeks information protected from discovery by privilege, including but not limited to the attorney-client privilege, the attorney work-product doctrine, and the common-interest privilege, and will produce a privilege log in compliance with Local Rule 26.1(e)(2). Pursuant to Local Rule 26.1(e)(2)(C), Plaintiffs will not include in their privilege log communications between Plaintiffs and their counsel after commencement of the action and work product material created after commencement of the action.

Subject to and without waiving the foregoing objections, Plaintiffs will produce non-privileged responsive documents created before February 21, 2024 to the extent they exist.

14.    All documents and communications concerning any alleged relationship between Hamas and Hassan Eslaiah, Yousef Masoud, Ali Mahmud, Hatem Ali, Abed Abu Reash, or "similarly situated journalists embedded with or affiliated with Hamas" as alleged in paragraph 31 of the Amended Complaint.

**Response:**

Plaintiffs object to the definition of "Plaintiff" "You," or "Your" to the extent they include Plaintiffs' attorneys as the request for production is directed to the parties and not the parties' attorneys. *See* FRCP 34(a).

Plaintiffs also object to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent that it seeks documents and communications created after February 21, 2024 - the date that this action was filed.

Plaintiffs further object to this Request to the extent that it seeks information protected from discovery by privilege, including but not limited to the attorney-client privilege, the attorney work-product doctrine, and the common-interest privilege, and will produce a privilege log in compliance with Local Rule 26.1(e)(2). Pursuant to Local Rule 26.1(e)(2)(C), Plaintiffs will not include in their privilege log communications between Plaintiffs and their counsel after commencement of the action and work product material created after commencement of the action.

Subject to and without waiving the foregoing objections, Plaintiffs will produce non-privileged responsive documents created before February 21, 2024 to the extent they exist.

15.     All documents and communications concerning The AP's alleged foreknowledge of Hamas' attack on Israel on October 7, 2023.

**Response:**

Plaintiffs object to the definition of "Plaintiff" "You," or "Your" to the extent they include Plaintiffs' attorneys as the request for production is directed to the parties and not the parties' attorneys. *See* FRCP 34(a).

Plaintiffs also object to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent that it seeks documents and communications created after February 21, 2024 - the date that this action was filed.

Plaintiffs further object to this Request to the extent that it seeks information protected from discovery by privilege, including but not limited to the attorney-client privilege, the attorney work-product doctrine, and the common-interest privilege, and will produce a privilege log in compliance with Local Rule 26.1(e)(2). Pursuant to Local Rule 26.1(e)(2)(C), Plaintiffs will not include in their privilege log communications between

Plaintiffs and their counsel after commencement of the action and work product material created after commencement of the action.

Subject to and without waiving the foregoing objections, Plaintiffs will produce non-privileged responsive documents created before February 21, 2024 to the extent they exist.

16.    All documents and communications evidencing or relating to any monies transferred by The AP to Hamas or to any alleged affiliate of Hamas.

**Response:**

Plaintiffs object to the definition of "Plaintiff" "You," or "Your" to the extent they include Plaintiffs' attorneys as the request for production is directed to the parties and not the parties' attorneys. *See* FRCP 34(a).

Plaintiffs also object to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent that it seeks documents and communications created after February 21, 2024 - the date that this action was filed.

Plaintiffs further object to this Request to the extent that it seeks information protected from discovery by privilege, including but not limited to the attorney-client privilege, the attorney work-product doctrine, and the common-interest privilege, and will produce a privilege log in compliance with Local Rule 26.1(e)(2). Pursuant to Local Rule 26.1(e)(2)(C), Plaintiffs will not include in their privilege log communications between Plaintiffs and their counsel after commencement of the action and work product material created after commencement of the action.

Subject to and without waiving the foregoing objections, Plaintiffs will produce non-privileged responsive documents created before February 21, 2024 to the extent they exist.

17.    All documents concerning The AP's alleged relationship to the Incident, including

but not limited to any documents reflecting The AP's alleged collection, provision, or transmission of any support, money, or financial services, either directly or indirectly, to or from Hamas.

**Response:**

Plaintiffs object to the definition of "Plaintiff" "You," or "Your" to the extent they include Plaintiffs' attorneys as the request for production is directed to the parties and not the parties' attorneys. *See* **FRCP 34(a).**

Plaintiffs also object to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent that it seeks documents and communications created after February 21, 2024 - the date that this action was filed.

Plaintiffs further object to this Request to the extent that it seeks information protected from discovery by privilege, including but not limited to the attorney-client privilege, the attorney work-product doctrine, and the common-interest privilege, and will produce a privilege log in compliance with Local Rule 26.1(e)(2). Pursuant to Local Rule 26.1(e)(2)(C), Plaintiffs will not include in their privilege log communications between Plaintiffs and their counsel after commencement of the action and work product material created after commencement of the action.

Subject to and without waiving these objections, Plaintiffs will produce non-privileged responsive documents created before February 21, 2024 to the extent they exist.

18.    All documents and communications supporting or refuting the allegation in paragraph 40 of the Amended Complaint that "[t]hese payments are a direct funding source for Hamas."

**Response:**

Plaintiffs object to the definition of "Plaintiff" "You," or "Your" to the extent they

include Plaintiffs' attorneys as the request for production is directed to the parties and not the parties' attorneys. *See* **FRCP 34(a).**

Plaintiffs also object to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent that it seeks documents and communications created after February 21, 2024 - the date that this action was filed.

Plaintiffs further object to this Request to the extent that it seeks information protected from discovery by privilege, including but not limited to the attorney-client privilege, the attorney work-product doctrine, and the common-interest privilege, and will produce a privilege log in compliance with Local Rule 26.1(e)(2). Pursuant to Local Rule 26.1(e)(2)(C), Plaintiffs will not include in their privilege log communications between Plaintiffs and their counsel after commencement of the action and work product material created after commencement of the action.

Subject to and without waiving these objections, Plaintiffs will produce non-privileged responsive documents created before February 21, 2024 to the extent they exist.

19.    All Medical Records, including but not limited to any and all reports and other documents generated by any Health Care Professional or any Health Care Facility concerning your Injury.

**Response:**

Plaintiffs object to the definition of "Plaintiff" "You," or "Your" to the extent they include Plaintiffs' attorneys as the request for production is directed to the parties and not the parties' attorneys. *See* **FRCP 34(a).**

Plaintiffs also object to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent that it seeks documents and

communications created before October 7, 2023 and after February 21, 2024 - the date that this action was filed.

Subject to and without waiving these objections, to the extent Plaintiffs claim physical and emotional damages, Plaintiffs will produce responsive documents under the Court's Confidentiality Order.

20.     All documents evidencing or relating to private or public insurance coverage pursuant to which compensation for your Injury, or for treatment related to your Injury, was or could have been sought and any such coverage, benefits, or payments either provided or declined.

**Response:**

Plaintiffs object to the definition of "Plaintiff" "You," or "Your" to the extent they include Plaintiffs' attorneys as the request for production is directed to the parties and not the parties' attorneys. *See* FRCP 34(a).

Plaintiffs also object to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent that it seeks documents and communications created before October 7, 2023 and after February 21, 2024 - the date that this action was filed.

Plaintiffs object to this Request as irrelevant to the claims, overly broad, and disproportionate to the needs of the case as it seeks all documents evidencing or relating to insurance coverage for Plaintiffs' injuries pursuant to which compensation for Plaintiffs' Injuries or for treatment related to Plaintiffs' Injuries was or could have been sought and any such coverage, benefits, or payments either provided or declined. Whether Plaintiffs have insurance coverage and were provided insurance coverage for medical treatment has nothing to do with the claims in this case. Accordingly, Plaintiffs will not produce documents

18

in response to this Request.

21.     If you or someone acting on your behalf has filed a claim with or submitted to the Israeli National Insurance Institute, the Israeli Ministry of Defense or armed forces, the United States government, or any of its branches or agencies, including but not limited to Social Security, Medicare, or Medicaid, or any other government or private insurance company, pension fund, charitable organization, social organization, or religious organization, all communications and documents concerning your claim.

**Response:**

**Plaintiffs object to the definition of "Plaintiff" "You," or "Your" to the extent they include Plaintiffs' attorneys as the request for production is directed to the parties and not the parties' attorneys. *See* FRCP 34(a).**

**Plaintiffs also object to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent that it seeks documents and communications created before October 7, 2023 and after February 21, 2024 - the date that this action was filed.**

**Plaintiffs further object to this Request to the extent that it seeks information protected from discovery by privilege, including but not limited to the attorney-client privilege, the attorney work-product doctrine, and the common-interest privilege, and will produce a privilege log in compliance with Local Rule 26.1(e)(2). Pursuant to Local Rule 26.1(e)(2)(C), Plaintiffs will not include in their privilege log communications between Plaintiffs and their counsel after commencement of the action and work product material created after commencement of the action.**

**Plaintiffs further object to this Request as irrelevant to the claims, overly broad, and**

**disproportionate to the needs of the case as it seeks all documents and communications concerning any Plaintiffs' claims submitted to the Israeli National Insurance Institute, the Israeli Ministry of Defense or armed forces, the United States government, or any of its branches or agencies, including but not limited to Social Security, Medicare, or Medicaid, or any other government or private insurance company, pension fund, charitable organization, social organization, or religious organization. Subject to and without waiving these objections, Plaintiffs will produce documents from the Israeli Government relating to their Injuries.**

22.     If you have received payments, benefits, or other compensation in connection with your Injury or the Incident, from any source, including but not limited to the Israeli National Insurance Institute, the Israeli Ministry of Defense or armed forces, the U.S. government or any of its branches or agencies, including but not limited to Social Security, Medicare, or Medicaid, or any other government, private insurance company, pension fund, charitable organization, social organization, or religious organization, all communications and documents concerning such proceedings, including your claim and any payments, benefits, or compensation.

**Response:**

**Plaintiffs object to the definition of "Plaintiff" "You," or "Your" to the extent they include Plaintiffs' attorneys as the request for production is directed to the parties and not the parties' attorneys.** *See* **FRCP 34(a).**

**Plaintiffs also object to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent that it seeks documents and communications created before October 7, 2023 and after February 21, 2024 - the date that this action was filed.**

Plaintiffs object to this Request to the extent that it seeks information protected from discovery by privilege, including but not limited to the attorney-client privilege, the attorney work-product doctrine, and the common-interest privilege, and will produce a privilege log in compliance with Local Rule 26.1(e)(2). Pursuant to Local Rule 26.1(e)(2)(C), Plaintiffs will not include in their privilege log communications between Plaintiffs and their counsel after commencement of the action and work product material created after commencement of the action.

Plaintiffs further object to this Request as irrelevant to the claims, overly broad, and disproportionate to the needs of the case as it seeks all documents and communications concerning proceedings to receive payments, benefits, or other compensation in connection with Plaintiffs' Injury or the Incident, from any source, including but not limited to the Israeli National Insurance Institute, the Israeli Ministry of Defense or armed forces, the U.S. government or any of its branches or agencies, including but not limited to Social Security, Medicare, or Medicaid, or any other government, private insurance company, pension fund, charitable organization, social organization, or religious organization. Subject to and without waiving the foregoing objections, Plaintiffs will produce documents from the Israeli Government relating to their Injuries.

23.     All of your calendars, appointment books, date books, journals, or similar appointment maintenance documents (including electronic appointment documents or calendars) that concern your medical condition or psychological, social, or emotional well-being, your Injury, or the Incident.

**Response:**

Plaintiffs object to the definition of "Plaintiff" "You," or "Your" to the extent they

include Plaintiffs' attorneys as the request for production is directed to the parties and not the parties' attorneys. *See* **FRCP 34(a).**

Plaintiffs also object to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent that it seeks documents and communications created before October 7, 2023 and after February 21, 2024 - the date that this action was filed.

Plaintiffs further object to this Request as overly broad and disproportionate to the needs of the case as it seeks all Plaintiffs' calendars, appointment books, date books, journals, or similar appointment maintenance documents (including electronic appointment documents or calendars) that concern Plaintiffs' medical condition or psychological, social, or emotional well-being, Plaintiffs' Injury, or the Incident. Calendar entries with regard to Plaintiffs' medical condition, social or emotional wellbeing, their Injuries or the Incident will not show the Plaintiffs' medical condition, social or emotional wellbeing, their Injuries or the Incident. Accordingly, Plaintiffs will not produce documents in response to this Request.

24.     All documents and communications concerning any physical impact you experienced during or as a result of the Incident.

**Response:**

Plaintiffs object to the definition of "Plaintiff" "You," or "Your" to the extent they include Plaintiffs' attorneys as the request for production is directed to the parties and not the parties' attorneys. *See* **FRCP 34(a).**

Plaintiffs also object to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent that it seeks documents and communications created before October 7, 2023 and after February 21, 2024 - the date that

this action was filed.

Plaintiffs further object to this Request to the extent that it seeks information protected from discovery by privilege, including but not limited to the attorney-client privilege, the attorney work-product doctrine, and the common-interest privilege, and will produce a privilege log in compliance with Local Rule 26.1(e)(2). Pursuant to Local Rule 26.1(e)(2)(C), Plaintiffs will not include in their privilege log communications between Plaintiffs and their counsel after commencement of the action and work product material created after commencement of the action.

Plaintiffs further object to this Request as overly broad and disproportionate to the needs of the case as it seeks all documents and communications relating to any physical impact Plaintiffs experienced during or as a result of the Incident. Subject to and without waiving this objection, Plaintiffs will produce non-privileged documents sufficient to show the physical impact they experienced during or as a result of the Incident.

25.     All documents concerning any basis upon which you seek compensatory damages.

**Response:**

Plaintiffs object to the definition of "Plaintiff" "You," or "Your" to the extent they include Plaintiffs' attorneys as the request for production is directed to the parties and not the parties' attorneys. *See* FRCP 34(a).

Plaintiffs also object to this Request to the extent that it seeks information protected from discovery by privilege, including but not limited to the attorney-client privilege, the attorney work-product doctrine, and the common-interest privilege, and will produce a privilege log in compliance with Local Rule 26.1(e)(2). Pursuant to Local Rule 26.1(e)(2)(C), Plaintiffs will not include in their privilege log communications between Plaintiffs and their

counsel after commencement of the action and work product material created after commencement of the action.

Subject to and without waiving the foregoing objections, to the extent Plaintiffs claim compensatory damages, Plaintiffs will produce non-privileged responsive documents.

26.    All correspondence or documents of any kind exchanged between you and any third person concerning the Incident.

**Response:**

Plaintiffs object to the definition of "Plaintiff" "You," or "Your" to the extent they include Plaintiffs' attorneys as the request for production is directed to the parties and not the parties' attorneys. *See* FRCP 34(a).

Plaintiffs also object to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent that it seeks documents and communications created before October 7, 2023 and after February 21, 2024 - the date that this action was filed.

Plaintiffs further object to this Request to the extent that it seeks information protected from discovery by privilege, including but not limited to the attorney-client privilege, the attorney work-product doctrine, and the common-interest privilege, and will produce a privilege log in compliance with Local Rule 26.1(e)(2). Pursuant to Local Rule 26.1(e)(2)(C), Plaintiffs will not include in their privilege log communications between Plaintiffs and their counsel after commencement of the action and work product material created after commencement of the action.

Plaintiffs further object to this Request as overly broad, and disproportionate to the needs of the case as it seeks all correspondence and documents of any kind exchanged

**between Plaintiffs and any person in the world concerning the Incident. Unless AP narrows this Request, Plaintiffs will not produce documents responsive to this Request.**

27.     All documents and Medical Records from any time period that concern your medical, psychological, or emotional care history, including all medical, emotional, psychological, psychiatric, or therapeutic diagnoses, care, examinations, consultations, or treatments you have received, including but not limited to any and all reports and other documents generated by any Health Care Professional or any Health Care Facility.

**Response:**

Plaintiffs object to the definition of "Plaintiff" "You," or "Your" to the extent they include Plaintiffs' attorneys as the request for production is directed to the parties and not the parties' attorneys. *See* FRCP 34(a).

Plaintiffs also object to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent that it seeks documents and communications created before October 7, 2023 and after February 21, 2024 - the date that this action was filed.

Plaintiffs further object to this Request to the extent that it seeks information protected from discovery by privilege, including but not limited to the attorney-client privilege, the attorney work-product doctrine, and the common-interest privilege, and will produce a privilege log in compliance with Local Rule 26.1(e)(2). Pursuant to Local Rule 26.1(e)(2)(C), Plaintiffs will not include in their privilege log communications between Plaintiffs and their counsel after commencement of the action and work product material created after commencement of the action.

Plaintiffs further object to this Request as harassing, irrelevant, overly broad, and

disproportionate to the needs of the case as it seeks all documents and Medical Records from any time period that concern Plaintiffs' medical, psychological, or emotional care history, including all medical, emotional, psychological, psychiatric, or therapeutic diagnoses, care, examinations, consultations, or treatments Plaintiffs have received, including but not limited to any and all reports and other documents generated by any Health Care Professional or any Health Care Facility. It is apparent from the breadth of this Request that AP is on a fishing expedition. Subject to and without waiving the foregoing objections, Plaintiffs will produce only medical records created on or after October 7, 2023 relating to their Injuries under the Court's Confidentiality Order.

28.     Documents sufficient to identify all Health Care Facilities, Health Care professionals, or other persons, facilities, or groups from which you have received diagnoses, care, examinations, consultations, or treatments, whether paid or unpaid.

**Response:**

Plaintiffs object to the definition of "Plaintiff" "You," or "Your" to the extent they include Plaintiffs' attorneys as the request for production is directed to the parties and not the parties' attorneys. *See* FRCP 34(a).

Plaintiffs also object to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent that it seeks documents and communications created before October 7, 2023 and after February 21, 2024 - the date that this action was filed.

Plaintiffs further object to this Request as harassing, irrelevant, overly broad, and disproportionate to the needs of the case as it seeks documents sufficient to identify all Health Care Facilities, Health Care professionals, or other persons, facilities, or groups from which

**Plaintiffs have received diagnoses, care, examinations, consultations, or treatments, whether paid or unpaid. It is apparent from the breadth of this Request that AP is on a fishing expedition. Subject to and without waiving the foregoing objections, Plaintiffs will produce only medical records relating to their Injuries created on or after October 7, 2023 under the Court's Confidentiality Order.**

29.    All records concerning your military service, if any.

**Response:**

**Plaintiffs object to the definition of "Plaintiff" "You," or "Your" to the extent they include Plaintiffs' attorneys as the request for production is directed to the parties and not the parties' attorneys.** *See* **FRCP 34(a).**

**Plaintiffs also object to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent that it seeks documents and communications created before October 7, 2023 and after February 21, 2024 - the date that this action was filed.**

**Plaintiffs further object to this Request as harassing, irrelevant, overly broad, and disproportionate to the needs of the case as it seeks documents that have nothing to do with the claims in this case. Whether Plaintiffs served or did not serve in the military has nothing to do with the claims in this case. It is apparent from the breadth of this Request that AP is on a fishing expedition and to engage in blame the victim. Accordingly, Plaintiffs will not produce documents in response to this Request.**

30.    If you seek damages related to lost future wages or earnings:

      a.    All documents relating to your financial history for the previous ten years, including but not limited to securities accounts, bank accounts, loans, and

credit card statements.

b.      Your federal, state and local income tax returns for the previous ten years, whether filed individually or jointly, including all attachments, schedules, and earnings statements (Forms W-2, SSA, 1099-R, etc.) or, if you pay taxes to authorities outside the United States, all such other similar records with respect to any and all such authorities.

c.      All documents evidencing or relating to your employment history, including place, date, and type of employment, personnel or human resources records, and description of job functions, if any.

d.      All documents evidencing or relating to your education, including but not limited to graduation from high school and any post-high school education or vocational training.

**Response:**

Plaintiffs object to the definition of "Plaintiff" "You," or "Your" to the extent they include Plaintiffs' attorneys as the request for production is directed to the parties and not the parties' attorneys. *See* FRCP 34(a).

Plaintiffs also object to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent that it seeks documents and communications created before October 7, 2023 and after February 21, 2024 - the date that this action was filed.

Subject to and without waiving the foregoing objections, Plaintiffs will produce responsive documents created on or after October 7, 2023 to the extent Plaintiffs claim lost wages or earnings.

31.     Any posts by you on any website, social media account, or blog pertaining to acts of terrorism, the causes of terrorism, the means of stopping terrorism, the identification of any terrorist organizations, or any other discussion or evidence of terrorism or terrorist activities.

**Response:**

**Plaintiffs object to the definition of "Plaintiff" "You," or "Your" to the extent they include Plaintiffs' attorneys as the request for production is directed to the parties and not the parties' attorneys.** *See* **FRCP 34(a).**

**Plaintiffs also object to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent that it seeks documents and communications created before October 7, 2023 and after February 21, 2024 - the date that this action was filed.**

**Plaintiffs further object to this Request as harassing, irrelevant, overly broad, and disproportionate to the needs of the case as it seeks documents that have nothing to do with the claims in this case. Whether Plaintiffs posted on a website or social media on terrorism has nothing to do with the claims in this case. It is apparent from the breadth of this Request that AP is on a fishing expedition. Accordingly, Plaintiffs will not produce documents in response to this Request.**

32.     Any posts by you on any website, social media account, or blog pertaining to pro-Israel advocacy or commentary on news coverage of Israel.

**Response:**

**Plaintiffs object to the definition of "Plaintiff" "You," or "Your" to the extent they include Plaintiffs' attorneys as the request for production is directed to the parties and not the parties' attorneys.** *See* **FRCP 34(a).**

Plaintiffs also object to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent that it seeks documents and communications created before October 7, 2023 and after February 21, 2024 - the date that this action was filed.

Plaintiffs further object to this Request as harassing, irrelevant, overly broad, and disproportionate to the needs of the case as it seeks documents that have nothing to do with the claims in this case. Whether Plaintiffs posted on a website or social media about pro-Israel advocacy or commentary on news coverage of Israel has nothing to do with the claims in this case. It is apparent from the breadth of this Request that AP is on a fishing expedition. Accordingly, Plaintiffs will not produce documents in response to this Request.

33.     All documents evidencing or relating to the role of any news organization, other than The AP, in financing, aiding and abetting, or otherwise contributing to the Incident or your Injury.

**Response:**

Plaintiffs object to the definition of "Plaintiff" "You," or "Your" to the extent they include Plaintiffs' attorneys as the request for production is directed to the parties and not the parties' attorneys. *See* FRCP 34(a).

Plaintiffs also object to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent that it seeks documents and communications created before October 7, 2023 and after February 21, 2024 - the date that this action was filed.

Plaintiffs further object to this Request to the extent that it seeks information protected from discovery by privilege, including but not limited to the attorney-client

privilege, the attorney work-product doctrine, and the common-interest privilege, and will produce a privilege log in compliance with Local Rule 26.1(e)(2). Pursuant to Local Rule 26.1(e)(2)(C), Plaintiffs will not include in their privilege log communications between Plaintiffs and their counsel after commencement of the action and work product material created after commencement of the action.

Plaintiffs further object to this Request as irrelevant, overly broad, and disproportionate to the needs of the case as it seeks documents that have nothing to do with the claims in this case. This case is against AP and not any other news organizations. It is apparent from the breadth of this Request that AP is on a fishing expedition. Accordingly, Plaintiffs will not produce documents in response to this Request.

34.     All documents evidencing or relating to the role of any news organization, other than The AP, in financing, aiding and abetting, or otherwise contributing to the activities of Hamas.

**Response:**

Plaintiffs object to the definition of "Plaintiff" "You," or "Your" to the extent they include Plaintiffs' attorneys as the request for production is directed to the parties and not the parties' attorneys. *See* FRCP 34(a).

Plaintiffs also object to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent that it seeks documents and communications created before October 7, 2023 and after February 21, 2024 - the date that this action was filed.

Plaintiffs further object to this Request to the extent that it seeks information protected from discovery by privilege, including but not limited to the attorney-client privilege, the attorney work-product doctrine, and the common-interest privilege, and will

produce a privilege log in compliance with Local Rule 26.1(e)(2). Pursuant to Local Rule 26.1(e)(2)(C), Plaintiffs will not include in their privilege log communications between Plaintiffs and their counsel after commencement of the action and work product material created after commencement of the action.

Plaintiffs further object to this Request as irrelevant, overly broad, and disproportionate to the needs of the case as it seeks documents that have nothing to do with the claims in this case. This case is against AP and not any other news organizations. It is apparent from the breadth of this Request that AP is on a fishing expedition. Accordingly, Plaintiffs will not produce documents in response to this Request.

35. Copies of all statements quoted or referenced in the Amended Complaint.

**Response:**

Plaintiffs object to the definition of "Plaintiff" "You," or "Your" to the extent they include Plaintiffs' attorneys as the request for production is directed to the parties and not the parties' attorneys. *See* FRCP 34(a).

Plaintiffs also object to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent that it seeks documents and communications created before October 7, 2023 and after February 21, 2024 - the date that this action was filed.

Plaintiffs further object to this Request to the extent that it seeks information protected from discovery by privilege, including but not limited to the attorney-client privilege, the attorney work-product doctrine, and the common-interest privilege, and will produce a privilege log in compliance with Local Rule 26.1(e)(2). Pursuant to Local Rule 26.1(e)(2)(C), Plaintiffs will not include in their privilege log communications between

Plaintiffs and their counsel after commencement of the action and work product material created after commencement of the action.

Subject to and without waiving the foregoing objections, the documents quoted or referenced in the Amended Complaint are either attached to the Amended Complaint or the Amended Complain lists the web address where the documents can be found. Accordingly, Plaintiffs will not produce documents responsive to this Request as this Request is disproportionate to the needs of the case because these documents are equally available to AP.

36.   All documents exchanged and communications between you and Gil Hoffman or the organization known as Honest Reporting.

**Response:**

Plaintiffs object to the definition of "Plaintiff" "You," or "Your" to the extent they include Plaintiffs' attorneys as the request for production is directed to the parties and not the parties' attorneys. *See* FRCP 34(a).

Plaintiffs also object to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent that it seeks documents and communications created before October 7, 2023 and after February 21, 2024 - the date that this action was filed.

Plaintiffs further object to this Request as irrelevant, overly broad, and disproportionate to the needs of the case as it does not seek documents that relate to the claims in this case. It is apparent from the breadth of this Request that AP is on a fishing expedition. Accordingly, Plaintiffs will not produce documents in response to this Request.

37.   All documents exchanged and communications between you and the organization

currently known as the Committee for Accuracy in Middle East Reporting and Analysis (CAMERA).

**Response:**

      **Plaintiffs object to the definition of "Plaintiff" "You," or "Your" to the extent they include Plaintiffs' attorneys as the request for production is directed to the parties and not the parties' attorneys.** *See* **FRCP 34(a).**

      **Plaintiffs also object to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent that it seeks documents and communications created before October 7, 2023 and after February 21, 2024 - the date that this action was filed.**

      **Plaintiffs further object to this Request as irrelevant, overly broad, and disproportionate to the needs of the case as it does not seek documents that relate to the claims in this case. It is apparent from the breadth of this Request that AP is on a fishing expedition. Accordingly, Plaintiffs will not produce documents in response to this Request.**

      38.    All documents evidencing or relating to alleged communications between The AP and (a) Hamas, (b) any alleged terrorist organization or individual alleged to be a member or affiliate of an alleged terrorist organization, or (c) any person affiliated with or at any time providing assistance to any alleged terrorist organization or individual alleged to be a member or affiliate of an alleged terrorist organization.

**Response:**

      **Plaintiffs object to the definition of "Plaintiff" "You," or "Your" to the extent they include Plaintiffs' attorneys as the request for production is directed to the parties and not the parties' attorneys.** *See* **FRCP 34(a).**

**Plaintiffs also object to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent that it seeks documents and communications created after February 21, 2024 - the date that this action was filed.**

**Plaintiffs further object to this Request to the extent that it seeks information protected from discovery by privilege, including but not limited to the attorney-client privilege, the attorney work-product doctrine, and the common-interest privilege, and will produce a privilege log in compliance with Local Rule 26.1(e)(2). Pursuant to Local Rule 26.1(e)(2)(C), Plaintiffs will not include in their privilege log communications between Plaintiffs and their counsel after commencement of the action and work product material created after commencement of the action.**

**Subject to and without waiving the foregoing objections, Plaintiffs will produce non-privileged responsive documents created before February 21, 2024 to the extent they exist.**

39.    To the extent not otherwise included above, all documents evidencing or relating to any alleged commercial dealings between The AP and any alleged terrorist organization or individual alleged to be a member or affiliate of an alleged terrorist organization.

**Response:**

**Plaintiffs object to the definition of "Plaintiff" "You," or "Your" to the extent they include Plaintiffs' attorneys as the request for production is directed to the parties and not the parties' attorneys. *See* FRCP 34(a).**

**Plaintiffs also object to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent that it seeks documents and communications created after February 21, 2024 - the date that this action was filed.**

**Plaintiffs further object to this Request to the extent that it seeks information**

protected from discovery by privilege, including but not limited to the attorney-client privilege, the attorney work-product doctrine, and the common-interest privilege, and will produce a privilege log in compliance with Local Rule 26.1(e)(2). Pursuant to Local Rule 26.1(e)(2)(C), Plaintiffs will not include in their privilege log communications between Plaintiffs and their counsel after commencement of the action and work product material created after commencement of the action.

Subject to and without waiving the foregoing objections, Plaintiffs will produce non-privileged responsive documents created before February 21, 2024 to the extent they exist.

40.     To the extent not otherwise included above, all documents upon which you rely in support of your allegations in the Amended Complaint, and all documents otherwise concerning the allegations in the Amended Complaint, including but not limited to (a) documents reviewed by you in connection with formulating your allegations or on which you otherwise rely; (b) communications or correspondence to or from you concerning the allegations in the Amended Complaint; and (c) documents concerning or arising from any investigation or analysis performed by you, including but not limited to news articles, photographs, website materials, business records, court records, and or police or other official reports obtained as a result of such investigation or analysis.

**Response:**

Plaintiffs object to the definition of "Plaintiff" "You," or "Your" to the extent they include Plaintiffs' attorneys as the request for production is directed to the parties and not the parties' attorneys. *See* FRCP 34(a).

Plaintiffs also object to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent that it seeks documents and

communications created before October 7, 2023 and after February 21, 2024 - the date that this action was filed.

Plaintiffs further object to this Request because it seeks information protected from discovery by privilege, including but not limited to the attorney-client privilege, the attorney work-product doctrine, and the common-interest privilege, and will produce a privilege log in compliance with Local Rule 26.1(e)(2). Pursuant to Local Rule 26.1(e)(2)(C), Plaintiffs will not include in their privilege log communications between Plaintiffs and their counsel after commencement of the action and work product material created after commencement of the action.

Plaintiffs further object to this Request as overly broad and disproportionate to the needs of the case as it seeks all documents upon which Plaintiffs rely in support of their allegations in the Amended Complaint, and all documents otherwise concerning the allegations in the Amended Complaint, including but not limited to (a) documents reviewed by Plaintiffs in connection with formulating their allegations or on which they otherwise rely; (b) communications or correspondence to or from Plaintiffs concerning the allegations in the Amended Complaint; and (c) documents concerning or arising from any investigation or analysis performed by Plaintiffs, including but not limited to news articles, photographs, website materials, business records, court records, and or police or other official reports obtained as a result of such investigation or analysis. Accordingly, Plaintiffs will not produce documents in response to this Request.

41.     If you have been arrested, charged with, or convicted of a crime in the last ten years, all documents concerning all such arrests, charges, or convictions.

**Response:**

Plaintiffs object to the definition of "Plaintiff" "You," or "Your" to the extent they include Plaintiffs' attorneys as the request for production is directed to the parties and not the parties' attorneys. *See* FRCP 34(a).

Plaintiffs also object to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent that it seeks documents and communications created before October 7, 2023 and after February 21, 2024 - the date that this action was filed.

Plaintiffs further object to this Request as harassing, irrelevant, overly broad, and disproportionate to the needs of the case as it seeks documents that have nothing to do with the claims in this case. It is apparent from the breadth of this Request that AP is on a fishing expedition. Accordingly, Plaintiffs will not produce documents in response to this Request.

42.     All documents that evidence facts contrary to those alleged in the Amended Complaint.

**Response:**

Plaintiffs object to the definition of "Plaintiff" "You," or "Your" to the extent they include Plaintiffs' attorneys as the request for production is directed to the parties and not the parties' attorneys. *See* FRCP 34(a).

Plaintiffs also object to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent that it seeks documents and communications created before October 7, 2023 and after February 21, 2024 - the date that this action was filed.

Plaintiffs further object to this Request to the extent that it seeks information protected from discovery by privilege, including but not limited to the attorney-client

privilege, the attorney work-product doctrine, and the common-interest privilege, and will produce a privilege log in compliance with Local Rule 26.1(e)(2). Pursuant to Local Rule 26.1(e)(2)(C), Plaintiffs will not include in their privilege log communications between Plaintiffs and their counsel after commencement of the action and work product material created after commencement of the action.

Plaintiffs further object to this Request as overly broad, vague, and disproportionate to the needs of the case as it seeks "[a]ll documents that evidence facts contrary to those alleged in the Amended Complaint." Unless AP narrows this Request to state specifically what it is looking for, Plaintiffs will not produce documents in response to this Request.

43.     All documents regarding any person or entity that is not a party to the Action and is providing funding for some or all of the attorneys' fees and expenses for Plaintiffs' lawsuit against The AP on a non-recourse basis in exchange for (a) a contingent financial interest based upon the results of the litigation or (b) a non-monetary result that is not in the nature of a personal or bank loan or insurance.

**Response:**

Plaintiffs object to the definition of "Plaintiff" "You," or "Your" to the extent they include Plaintiffs' attorneys as the request for production is directed to the parties and not the parties' attorneys. *See* FRCP 34(a).

Plaintiffs also object to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent that it seeks documents and communications created before October 7, 2023 and after February 21, 2024 - the date that this action was filed.

Plaintiffs further object to this Request to the extent that it seeks information

protected from discovery by privilege, including but not limited to the attorney-client privilege, the attorney work-product doctrine, and the common-interest privilege, and will produce a privilege log in compliance with Local Rule 26.1(e)(2). Pursuant to Local Rule 26.1(e)(2)(C), Plaintiffs will not include in their privilege log communications between Plaintiffs and their counsel after commencement of the action and work product material created after commencement of the action.

Plaintiffs further object to this Request as irrelevant, overly broad, and disproportionate to the needs of the case as litigation funders have nothing to do with the claims in this case. It is apparent from the breadth of this Request that AP is on a fishing expedition. Subject to and without waiving the foregoing objections, there are no litigation funders as defined in this Request and therefore no responsive documents.

44.    Documents sufficient to identify any funder(s) referenced in Document Request No. 43, including the name, address, and if a legal entity, its place of formation.

**Response:**

Plaintiffs object to the definition of "Plaintiff" "You," or "Your" to the extent they include Plaintiffs' attorneys as the request for production is directed to the parties and not the parties' attorneys. *See* FRCP 34(a).

Plaintiffs also object to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent that it seeks documents and communications created before October 7, 2023 and after February 21, 2024 - the date that this action was filed.

Plaintiffs further object to this Request as irrelevant, overly broad, and disproportionate to the needs of the case as litigation funders have nothing to do with the

claims in this case. **It is apparent from the breadth of this Request that AP is on a fishing expedition. Subject to and without waiving the foregoing objections, there are no litigation funders as defined in the Request and therefore no responsive documents.**

45.    Documents sufficient to show whether approval by the funder(s) referenced in Document Request No. 43 is necessary for litigation decisions or settlement decisions in the Action, and if the answer is in the affirmative, the nature of the terms and conditions relating to that approval.

**Response:**

**Plaintiffs object to the definition of "Plaintiff" "You," or "Your" to the extent they include Plaintiffs' attorneys as the request for production is directed to the parties and not the parties' attorneys.** *See* **FRCP 34(a).**

**Plaintiffs also object to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent that it seeks documents and communications created before October 7, 2023 and after February 21, 2024 - the date that this action was filed.**

**Plaintiffs further object to this Request to the extent that it seeks information protected from discovery by privilege, including but not limited to the attorney-client privilege, the attorney work-product doctrine, and the common-interest privilege, and will produce a privilege log in compliance with Local Rule 26.1(e)(2). Pursuant to Local Rule 26.1(e)(2)(C), Plaintiffs will not include in their privilege log communications between Plaintiffs and their counsel after commencement of the action and work product material created after commencement of the action.**

**Plaintiffs further object to this Request as irrelevant, overly broad, and**

disproportionate to the needs of the case as litigation funders have nothing to do with the claims in this case. It is apparent from the breadth of this Request that AP is on a fishing expedition. Subject to and without waiving the foregoing objections, there are no litigation funders as defined in the Request and therefore no responsive documents.

46.     Documents sufficient to provide a brief description of the nature of the financial interest by any funder(s) referenced in Document Request 43.

**Response:**

Plaintiffs object to the definition of "Plaintiff" "You," or "Your" to the extent they include Plaintiffs' attorneys as the request for production is directed to the parties and not the parties' attorneys. *See* FRCP 34(a).

Plaintiffs also object to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent that it seeks documents and communications created before October 7, 2023 and after February 21, 2024 - the date that this action was filed.

Plaintiffs further object to this Request to the extent that it seeks information protected from discovery by privilege, including but not limited to the attorney-client privilege, the attorney work-product doctrine, and the common-interest privilege, and will produce a privilege log in compliance with Local Rule 26.1(e)(2). Pursuant to Local Rule 26.1(e)(2)(C), Plaintiffs will not include in their privilege log communications between Plaintiffs and their counsel after commencement of the action and work product material created after commencement of the action.

Plaintiffs further object to this Request as irrelevant, overly broad, and disproportionate to the needs of the case as litigation funders have nothing to do with the

claims in this case. **It is apparent from the breadth of this Request that AP is on a fishing expedition. Subject to and without waiving the foregoing objections, there are no litigation funders as defined in the Request and therefore no responsive documents.**

47.     All documents and communications supporting or refuting the allegation in paragraph 38 of the Amended Complaint that "[d]espite AP's feigned shock that it was sharing premises with an FTO, it was in fact an open 'secret' that it had an understanding with Hamas."

**Response:**

**Plaintiffs object to the definition of "Plaintiff" "You," or "Your" to the extent they include Plaintiffs' attorneys as the request for production is directed to the parties and not the parties' attorneys. *See* FRCP 34(a).**

**Plaintiffs also object to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent that it seeks documents and communications created after February 21, 2024 - the date that this action was filed.**

**Plaintiffs further object to this Request to the extent that it seeks information protected from discovery by privilege, including but not limited to the attorney-client privilege, the attorney work-product doctrine, and the common-interest privilege, and will produce a privilege log in compliance with Local Rule 26.1(e)(2). Pursuant to Local Rule 26.1(e)(2)(C), Plaintiffs will not include in their privilege log communications between Plaintiffs and their counsel after commencement of the action and work product material created after commencement of the action.**

**Subject to and without waiving the foregoing objections, Plaintiffs will produce non-privileged responsive documents created before February 21, 2024.**

48.     All documents and communications supporting or refuting the allegation in

paragraph 45 of the Amended Complaint that "[o]n the morning of October 7th, the Hamas-Affiliated 'Journalists' arrived at roughly the same time as the initial Hamas terrorists who breached entry into the State of Israel, indicating that they had advance knowledge of the plan to attack."

**<u>Response:</u>**

      **Plaintiffs object to the definition of "Plaintiff" "You," or "Your" to the extent they include Plaintiffs' attorneys as the request for production is directed to the parties and not the parties' attorneys. *See* FRCP 34(a).**

      **Plaintiffs also object to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent that it seeks documents and communications created after February 21, 2024 - the date that this action was filed.**

      **Plaintiffs further object to this Request to the extent that it seeks information protected from discovery by privilege, including but not limited to the attorney-client privilege, the attorney work-product doctrine, and the common-interest privilege, and will produce a privilege log in compliance with Local Rule 26.1(e)(2). Pursuant to Local Rule 26.1(e)(2)(C), Plaintiffs will not include in their privilege log communications between Plaintiffs and their counsel after commencement of the action and work product material created after commencement of the action.**

      **Subject to and without waiving the foregoing objections, Plaintiffs will produce non-privileged responsive documents created before February 21, 2024.**

      49.    All documents and communications supporting or refuting the allegation in paragraph 65 of the Amended Complaint that "[t]he Hamas Affiliated 'Journalists' prior knowledge of the attack, their presence among a violent group of terrorists overwhelming Israeli

security, trespassing on sovereign Israeli territory, infiltrating sensitive military and civilian areas via trespass, and, as evident in the photo and video material, leering joyfully and celebrating the murders of civilians, meaningfully added to the numerical force of the Hamas Terrorists, and, upon information and belief, a) both greatly contributed to the terror that the civilians felt and b) also increased the difficulty for Israel to address and respond to the Terrorist Attack."

**Response:**

    **Plaintiffs object to the definition of "Plaintiff" "You," or "Your" to the extent they include Plaintiffs' attorneys as the request for production is directed to the parties and not the parties' attorneys. *See* FRCP 34(a).**

    **Plaintiffs also object to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent that it seeks documents and communications created after February 21, 2024 - the date that this action was filed.**

    **Plaintiffs further object to this Request to the extent that it seeks information protected from discovery by privilege, including but not limited to the attorney-client privilege, the attorney work-product doctrine, and the common-interest privilege, and will produce a privilege log in compliance with Local Rule 26.1(e)(2). Pursuant to Local Rule 26.1(e)(2)(C), Plaintiffs will not include in their privilege log communications between Plaintiffs and their counsel after commencement of the action and work product material created after commencement of the action.**

    **Subject to and without waiving the foregoing objections, Plaintiffs will produce non-privileged responsive documents created before February 21, 2024.**

    50.    All documents and communications supporting or refuting the allegation in paragraph 103 of the Amended Complaint that "Hamas used and relied on AP as an important tool

to spread its messaging, increase its terroristic capabilities, and facilitate and carry out its propaganda and recruitment efforts in Gaza and internationally."

**Response:**

Plaintiffs object to the definition of "Plaintiff" "You," or "Your" to the extent they include Plaintiffs' attorneys as the request for production is directed to the parties and not the parties' attorneys. *See* FRCP 34(a).

Plaintiffs also object to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent that it seeks documents and communications created after February 21, 2024 - the date that this action was filed.

Plaintiffs further object to this Request to the extent that it seeks information protected from discovery by privilege, including but not limited to the attorney-client privilege, the attorney work-product doctrine, and the common-interest privilege, and will produce a privilege log in compliance with Local Rule 26.1(e)(2). Pursuant to Local Rule 26.1(e)(2)(C), Plaintiffs will not include in their privilege log communications between Plaintiffs and their counsel after commencement of the action and work product material created after commencement of the action.

Subject to and without waiving the foregoing objections, Plaintiffs will produce non-privileged responsive documents created on or before February 21, 2024.

51.    All documents and communications concerning the photographs and videos published by The AP on October 7, 2023.

**Response:**

Plaintiffs object to the definition of "Plaintiff" "You," or "Your" to the extent they include Plaintiffs' attorneys as the request for production is directed to the parties and not

the parties' attorneys. *See* **FRCP 34(a).**

**Plaintiffs also object to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent that it seeks documents and communications created before October 7, 2023 and after February 21, 2024 - the date that this action was filed.**

**Plaintiffs further object to this Request to the extent that it seeks information protected from discovery by privilege, including but not limited to the attorney-client privilege, the attorney work-product doctrine, and the common-interest privilege, and will produce a privilege log in compliance with Local Rule 26.1(e)(2). Pursuant to Local Rule 26.1(e)(2)(C), Plaintiffs will not include in their privilege log communications between Plaintiffs and their counsel after commencement of the action and work product material created after commencement of the action.**

**Subject to and without waiving the foregoing objections, Plaintiffs will produce non-privileged responsive documents created between October 7, 2023 and February 21, 2024 to the extent they exist.**

52. All documents exchanged with and communications between any of the Plaintiffs and any elected official or attorney general concerning the events of October 7, 2023 or the Action.

**Response:**

**Plaintiffs object to the definition of "Plaintiff" "You," or "Your" to the extent they include Plaintiffs' attorneys as the request for production is directed to the parties and not the parties' attorneys. *See* FRCP 34(a).**

**Plaintiffs also object to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent that it seeks documents and**

communications created before October 7, 2023 and after February 21, 2024 - the date that this action was filed.

Plaintiffs further object to this Request to the extent that it seeks information protected from discovery by the investigatory privilege and will produce a privilege log in compliance with Local Rule 26.1(e)(2).

Plaintiffs further object to this Request as it is irrelevant to the claims in this case. Whether Plaintiffs exchanged documents or had communications with any elected official or attorney general has nothing to do with the claims in this case. Additionally, any communications with attorneys general or elected law enforcement officials, to the extent they exist, would be protected by investigatory privilege. Accordingly, Plaintiffs will not produce documents in response to this Request.

53.     All documents exchanged with and communications between any of the Plaintiffs and any party to any other lawsuit or arbitral proceeding concerning the events of October 7, 2023 or the Action.

**Response:**

Plaintiffs object to the definition of "Plaintiff" "You," or "Your" to the extent they include Plaintiffs' attorneys as the request for production is directed to the parties and not the parties' attorneys. *See* FRCP 34(a).

Plaintiffs also object to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent that it seeks documents and communications created before October 7, 2023 and after February 21, 2024 - the date that this action was filed.

Plaintiffs further object to this Request to the extent that it seeks information

protected from discovery by privilege, including but not limited to the attorney-client privilege, the attorney work-product doctrine, and the common-interest privilege, and will produce a privilege log in compliance with Local Rule 26.1(e)(2). Pursuant to Local Rule 26.1(e)(2)(C), Plaintiffs will not include in their privilege log communications between Plaintiffs and their counsel after commencement of the action and work product material created after commencement of the action.

Plaintiffs further object to this Request as overly broad and disproportionate to the needs of the case as it seeks documents exchanged and communications with parties in any other lawsuit or arbitral proceeding concerning the events of October 7, 2023 or the Action. It is apparent from the breadth of this Request that AP is on a fishing expedition. Accordingly, Plaintiffs will not produce documents in response to this Request.

54.     All documents exchanged with and communications between any of the Plaintiffs and the National Jewish Advocacy Center.

**Response:**

Plaintiffs object to the definition of "Plaintiff" "You," or "Your" to the extent they include Plaintiffs' attorneys as the request for production is directed to the parties and not the parties' attorneys. *See* FRCP 34(a).

Plaintiffs also object to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent that it seeks documents and communications created before October 7, 2023 and after February 21, 2024 - the date that this action was filed.

The National Jewish Advocacy Center is counsel for Plaintiffs in this case. Plaintiffs object to this Request to the extent that it seeks information protected from discovery by the

attorney-client privilege and the attorney work-product doctrine and will produce a privilege log in compliance with Local Rule 26.1(e)(2). Pursuant to Local Rule 26.1(e)(2)(C), Plaintiffs will not include in their privilege log communications between Plaintiffs and their counsel after commencement of the action and work product material created after commencement of the action. Accordingly, Plaintiffs will not produce documents or communications in response to this request.

Dated: October 14, 2024

Respectfully submitted,

**MARK MIGDAL & HAYDEN**
80 S.W. 8th Street, Suite 1999
Miami, Florida 33130
Tel: (305) 374-0440

By: *s/ Maia Aron*
Etan Mark, Esq.
Florida Bar No. 720852
etan@markmigdal.com
Maia Aron, Esq.
Florida Bar No. 17188
maia@markmigdal.com
Annie D. Rosenthal, Esq.
Florida Bar No. 1031335
annie@markmigdal.com
eservice@markmigdal.com

*- and –*

**LAW OFFICE OF DAVID I. SCHOEN**
2800 Zelda Road, Suite 100-6
Montgomery, AL 36106
Telephone: (334) 395-6611
E-Fax: (917) 591-7586

*/s/ David I. Schoen*
David I. Schoen, Esq.
schoenlawfirm@gmail.com
*Pro Hac Vice*

*- and –*

**National Jewish Advocacy Center, Inc.**
1718 General George Patton Drive
Brentwood, TN 37027
Telephone: (800) 269-9895

*/s/ Mark Goldfeder*
Mark Goldfeder, Esq.
mark@jewishadvocacycenter.org
*Pro Hac Vice*

*- and -*

**Goldfeder and Terry, LLC**
666 Harless Place
West Hempstead, NY 11552
Telephone: (917) 495-5790

*/s/ Bencion Schlager*
Bencion Schlager, Esq.
ben@goldfederterry.com
*Pro Hac Vice*

*- and -*

**LSN Law, PA**
3800 NE 1st Ave
Miami, FL 33137
Telephone: (305) 742-2810

*/s/ Gabriel Groisman*
Gabriel Groisman
Florida Bar No. 25644
ggroisman@lsnlaw.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing document via email on October 14, 2024 upon

all counsel of record.

*s/ Maia Aron*