IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 1:24-cv-20684-KKM

NOACH NEWMAN, ADIN GESS,
and NATALIE SANANDAJI,

    Plaintiffs,

v.

THE ASSOCIATED PRESS,

    Defendant.
_____/

**PLAINTIFFS' UNOPPOSED MOTION FOR LEAVE TO FILE UNDER SEAL UNREDACTED SECOND AMENDED COMPLAINT AND EXHIBITS A, B, C, AND D OF SECOND AMENDED COMPLAINT**

    Plaintiffs Noach Newman, Adin Gess, and Natalie Sanandaji ("Plaintiffs"), by and through undersigned counsel and pursuant to S.D. Fla. Local Rule 5.4, file this motion for leave to file under seal the unredacted Second Amended Complaint and Exhibits A, B, C, and D to the Second Amended Complaint, and in support state as follows:

    1.    On August 21, 2024, this Court entered a Protective Order. *See* D.E. 66. The Protective Order provides that parties may designate documents as confidential and that if a party seeks to file with the Court papers that contain or reveal material that was designated confidential, then the party shall file a motion to seal in accordance with the Federal Rules of Civil Procedure and Local Rule 5.4 with respect to the material that is to be protected. *Id.* at (VII)(1).

    2.    Exhibits A, B, C, and D to the Second Amended Complaint are documents which Defendant The Associated Press ("AP") produced and designated confidential under the Protective Order. Additionally, the Second Amended Complaint references Exhibits A, B, C, and D in paragraphs 50, 51, 52, and 53. Accordingly, Plaintiffs redacted paragraphs 50, 51, 52, and 53 and

Exhibits A through D from their Second Amended Complaint (D.E. 99) as provided by S.D. Fla. Local Rule 5.4(b)(1).

3. Generally, the presumption in this District is that proceedings are public and Court filings are a matter of public record. S.D. Fla. L.R. 5.4(a). However, the public's right of access is not absolute and "may be overcome by a showing of good cause, which requires balancing the asserted right of access against the other party's interest in keeping the information confidential." *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007) (internal quotations and citations omitted).

4. In balancing these interests to determine whether documents should be placed under seal, courts consider "whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Id.* "A party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." *Id.*

5. Here, AP designated the documents in Exhibits A, B, C, and D as confidential under the Protective Order. Plaintiffs disagree that these documents are confidential and will raise this issue with the Court at the appropriate time, but file this motion as required by the Protective Order.

6. Accordingly, to comply with the Protective Order, Plaintiffs request leave to file the unredacted Second Amended Complaint and Exhibits A, B, C, and D to the Second Amended Complaint under seal. Plaintiffs request that the Court maintain the unredacted Second Amended Complaint and Exhibits A, B, C, and D under seal until after final disposition of this action until

AP agrees otherwise in writing or a court order otherwise directs. *See* Protective Order, D.E. 66 at (IV).

7.  A proposed order is attached as Exhibit A.

WHEREFORE, Plaintiffs respectfully request that this Court enter an Order granting this Motion and granting Plaintiffs leave to file under seal the unredacted Second Amended Complaint and Exhibits A, B, C, and D to the Second Amended Complaint, and granting such other and further relief as this Court deems just and proper.

## LOCAL RULE 7.1(a)(2) CERTIFICATION

Undersigned counsel conferred via email with counsel for Defendant the Associated Press who advised that The Associated Press does not oppose this Motion.

Dated: January 2, 2025

Respectfully submitted,

**MARK MIGDAL & HAYDEN**
80 SW 8th Street, Suite 1999
Miami, FL 33130
Telephone: (305) 374-0440

*/s/ Maia Aron*
Etan Mark, Esq.
Florida Bar No. 720852
etan@markmigdal.com
Maia Aron, Esq.
Florida Bar No. 17188
maia@markmigdal.com
Annie D. Rosenthal, Esq.
Florida Bar No. 1031335
annie@markmigdal.com

*- and –*

**LAW OFFICE OF DAVID I. SCHOEN**
2800 Zelda Road, Suite 100-6
Montgomery, AL 36106
Telephone: (334) 395-6611
E-Fax: (917) 591-7586

*/s/ David I. Schoen*
David I. Schoen, Esq.
schoenlawfirm@gmail.com
*Pro Hac Vice Admission Pending*

*- and –*

**National Jewish Advocacy Center, Inc.**
1718 General George Patton Drive
Brentwood, TN 37027
Telephone: (800) 269-9895

*/s/ Mark Goldfeder*
Mark Goldfeder, Esq.
mark@jewishadvocacycenter.org
*Pro Hac Vice Admission Pending*

*- and -*

          **Goldfeder and Terry, LLC**
          666 Harless Place
          West Hempstead, NY 11552
          Telephone: (917) 495-5790

          */s/ Bencion Schlager*
          Bencion Schlager, Esq.
          ben@goldfederterry.com
          *Pro Hac Vice Admission Pending*

          Attorneys for Plaintiffs

## **CERTIFICATE OF SERVICE**

      I hereby certify that I filed the foregoing document (including any attached exhibits and documents) electronically on the Court's CM/ECF docket on January 2, 2025, which served same electronically upon all counsel of record.

          *s/ Maia Aron*
          Maia Aron, Esq.