UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 1:24-cv-20684-KMM

NOACH NEWMAN, ADIN GESS,
and NATALIE SANANDAJI,

    Plaintiffs,

v.

THE ASSOCIATED PRESS,

    Defendant.

_____/

**JOINT MOTION TO STAY DISCOVERY PENDING ADJUDICATION OF
DEFENDANT'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT
WITH INCORPORATED MEMORANDUM OF LAW**

    Plaintiffs Noach Newman, Adin Gess, and Natalie Sanandaji ("Plaintiffs") and Defendant The Associated Press ("The AP"), by and through their undersigned counsel, hereby jointly move this Court pursuant to Rule 26(c) of the Federal Rules of Civil Procedure to stay discovery pending adjudication of The AP's Motion to Dismiss Plaintiffs' Second Amended Complaint for failure to state a claim pursuant to Rule 12(b)(6) ("MTD" ECF No. 109). In support of this Motion, the parties state as follows:

**BACKGROUND AND PROCEDURAL HISTORY**

    This case arises out of The AP's purchase of photographs taken by Gaza-based freelance photographers of the October 7, 2023 Hamas-led attack on Israel. Additionally, Plaintiffs allege that The AP acted as a propaganda tool to Hamas. Plaintiffs are three individuals who seek to hold The AP liable for damages including the emotional distress they suffered as a result of the attack and for violations of federal and state laws. They assert claims under the federal Anti-Terrorism Act ("ATA") and its Florida equivalent based on the theory that The AP "knew, or at the very least should have known," that "the people they were paying were longstanding Hamas

affiliates, propagandists, and full participants in the very terrorist attack that they were also documenting." Second Am. Compl. ("SAC," ECF No. 99) ¶ 9.

Plaintiffs filed their original Complaint on February 21, 2024 (ECF No. 1), and The AP filed a motion to dismiss on April 22, 2024 (ECF No. 29). Rather than respond to The AP's motion, Plaintiffs filed an Amended Complaint on May 13, 2024 (ECF No. 40), and The AP renewed its motion to dismiss on May 28, 2024 (ECF No. 48). The AP also filed a motion to stay discovery until the Court ruled on its motion to dismiss the Amended Complaint (ECF No. 31), which Plaintiffs opposed (ECF No. 41). On April 29, 2024, the Court entered a scheduling order (ECF No. 35) and the parties commenced discovery.

On December 10, 2024, this Court granted The AP's motion to dismiss the Amended Complaint without prejudice (ECF No. 98). In that Order, the Court "cast[] doubt that Plaintiffs' allegations can be repleaded to state a viable claim based on the Court's understanding of Plaintiffs' theory of the case," but provided Plaintiffs with "one opportunity to attempt to cure the fundamental issues" the Court had identified. *Id.* at 33. The Court also denied The AP's motion to stay discovery as moot. *Id.* at 34.

Plaintiffs filed their Second Amended Complaint (ECF No. 99) on December 31, 2024. On January 2, 2025, the Court ruled that "[a] review of Plaintiffs' Second Amended Complaint demonstrates that Plaintiffs have attempted to remedy their Complaint in accord with the Court's order dismissing the Action" and instructed the Clerk of Court to reopen the case. (ECF No. 100). The Court also ordered the parties to file a revised joint scheduling report on or before January 16, 2025. *Id*. The AP filed its third motion to dismiss (ECF No. 109) on January 28, 2025. Plaintiffs filed their opposition to the motion on February 21, 2025 (ECF No. 121), and The AP's reply is currently due on February 28, 2025. On January 16, 2025, the parties filed a

2

revised joint scheduling report (ECF No. 106). In their report and proposed scheduling order, *id.*, the parties jointly requested that discovery be stayed pending the Court's disposition of The AP's Motion to Dismiss. On February 18, 2025, the Court directed the parties to file a motion to stay discovery (ECF No. 119).

## ARGUMENT

District courts have "broad discretion to stay discovery pending decision on a dispositive motion." *Turner v. Costa Crociere S.P.A.*, No. 1:20-cv-21481-KMM, 2020 WL 9071486, at *2 (S.D. Fla. Aug. 23, 2020) (Moore, C.J.). To determine whether "good cause and reasonableness exist" to stay discovery, the court must "balance the harm produced by a delay in discovery against the possibility that the dispositive motion will be granted and entirely eliminate the need for such discovery." *United States ex rel. Bumbury v. Med-Care Diabetic & Med. Supplies*, No. 10-81634, 2014 WL 12284078, at *2 (S.D. Fla. June 17, 2014) (cleaned up). Typically, "the moving party must show that (1) they will be prejudiced, (2) the pending motion is clearly meritorious and case dispositive, and (3) any prejudice to the non-moving party is outweighed by the possibility the motion will be dispositive." *Turner*, 2020 WL 9071486, at *4.

Here, the parties agree that a stay of discovery is warranted. As explained below, the parties disagree as to why and how discovery should be stayed. Furthermore, staying discovery would not prejudice any party to this case, while proceeding with discovery would force the parties and the Court to undertake significant burden and expense that may turn out to be pointless. There is thus good cause to grant the parties' joint Motion to Stay.

3

I.      **The Parties' Positions on Motion to Stay**

   A.      **Plaintiffs' Position:**

A court considering a motion to stay discovery should "take a preliminary peek at the merits of the motion to dismiss to see if it appears to be clearly meritorious and truly case dispositive." *Turner*, 2020 WL 9071486, at *2 (cleaned up). "Notably, staying discovery is only "appropriate when a dispositive motion raises threshold legal issues that may dispose of a plaintiff's entire claim." *Id*.

Here, The AP's Motion to Dismiss should be denied because Plaintiffs sufficiently pled claims for aiding and abetting, providing material support to Hamas, and facilitating and furthering terrorism under the Antiterrorism Act, 18 U.S.C. § 2333 ("ATA"), as amended by JASTA, Pub. L. No. 114-222 (2016) and Florida Statute § 772.13(1) in their Second Amended Complaint (ECF No. 99). Moreover, the First Amendment is not an applicable defense to Plaintiffs' claims. The Second Amended Complaint alleges, *inter alia*, that the Hamas Photographers (that The AP knowingly paid for *years*) are members of a terrorist organization and The AP knows it. It is plain – and the Second Amended Complaint alleges – that The AP facilitated terrorism by knowingly coordinating their coverage with and paying significant sums of money to known members of Hamas over a long period of time so that these photographers could play their part in the *jihad* that would culminate in Israel's destruction.

Plaintiffs believe that a stay of discovery is appropriate only to the extent the Court is inclined to grant The AP's Motion to Dismiss. If the Court has an opportunity to "take a preliminary peek" at The AP's Motion to Dismiss (ECF No. 109) and Plaintiffs' opposition to The AP's Motion to Dismiss (ECF No. 121) and determines that it is unlikely to grant The AP's Motion to Dismiss (as is Plaintiffs' position), then Plaintiffs are ready and willing to proceed with discovery. To be clear, Plaintiffs only seek a stay of discovery to the extent the Court

4

grants The AP's Motion to Dismiss in order to conserve resources and to protect Plaintiffs from the enormous emotional pain that will be incurred in discovery. Notwithstanding the foregoing, Plaintiffs believe The AP's Motion to Dismiss should be denied and Plaintiffs are very willing to proceed with discovery if and when the Court denies The AP's Motion to Dismiss.

Plaintiffs do not believe that taking depositions in Israel by Zoom will present logistical challenges or additional costs.

Plaintiffs carve out from discovery their motion to remove confidentiality from Exhibits B, C, and D which are attached to the Second Amended Complaint. *See* ECF Nos. 105, 115. Judge Elfenbein heard this motion on February 20, 2025 and took the matter under advisement with an order to follow. (ECF Nos. 116, 120). This motion to remove confidentiality designation is not part of discovery and would not be affected by a stay of discovery. *See Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007) ("Material filed in connection with any substantive pretrial motion, unrelated to discovery, is subject to the common law right of access.").

   **B.**  **The AP's Position:**

The AP's Motion to Dismiss would dispose of all claims in this case if granted. The AP argues in its Motion that the Second Amended Complaint does not differ materially from the Amended Complaint and that it fails to cure the pleading deficiencies identified in the Court's Order dismissing the Amended Complaint. Specifically, The AP argues that Plaintiffs' claim for aiding and abetting terrorism under the federal ATA should be dismissed because the factual allegations in the Second Amended Complaint continue to fall short of establishing that The AP was generally aware of its alleged role in terrorist activities or provided knowing and substantial assistance to Hamas. MTD at 8-18. The AP also argues that Plaintiffs' claims for direct liability under the federal ATA and its Florida counterpart should be dismissed because the Second

5

Amended Complaint does not plausibly plead that The AP committed an act of terrorism, that it acted with a culpable state of mind, or that it proximately caused Plaintiffs' emotional distress. *Id.* at 18-23. Finally, The AP argues in the alternative that the Second Amended Complaint should be dismissed because The AP's journalism is protected by the First Amendment. *Id.* at 23-26. This Court's prior dismissal of the Amended Complaint on many of the same grounds is a strong indicator that the Motion to Dismiss is sufficiently meritorious to justify a stay.

Moreover, a brief pause of discovery while the Court resolves The AP's Motion to Dismiss will not prejudice any party. This Court has not yet entered a new scheduling order, and no trial date has been set. Staying discovery would have no effect on the parties' continuing document preservation obligations, and The AP has already completed its production of documents responsive to Plaintiffs' requests. If the case were ultimately to survive The AP's Motion to Dismiss, the stay would be lifted and the same discovery would be available at that time. *See, e.g.*, *Skuraskis v. NationsBenefits Holdings, LLC*, No. 23-cv-60830-RAR, 2023 WL 8698324, at *5 (S.D. Fla. Dec. 15, 2023) (finding no prejudice where same discovery would be available following stay); *Borislow v. Canaccord Genuity Group, Inc.*, No. 14-80134, 2014 WL 12580035, at *1 (S.D. Fla. June 24, 2014) (same).

Conversely, requiring the parties to proceed with discovery pending a ruling on the Motion to Dismiss would result in potentially needless burden and expense. The remaining discovery in this case will, by necessity, require the participation of individuals located in Israel and Gaza, including at least some of the Plaintiffs, SAC ¶¶ 26-27, the Palestinian freelance photographers accused of having "Hamas connections," *see id.* ¶¶ 63, 77, 125, and The AP employees who selected their photographs for publication on the day of the attack, *id.* ¶ 77. Plaintiffs have only produced 15 pages of documents to date and would need to complete their

6

production.  Moreover, at the time the prior motion to dismiss was granted, Magistrate Judge Elfenbein had just heard more than four hours of argument on The AP's motion to compel responses to its document requests, *see* ECF Nos. 92, 95, 97, but had not yet issued a ruling.  If discovery resumes, addressing this dispute (and any others that may arise in the future) would require considerable judicial resources.

      The AP, for its part, has already undertaken significant expense, including more than $120,000 on e-discovery and translation alone, in completing its production from 21 custodians—the vast majority of whom are located in the Middle East.  That figure does not include attorneys' fees in connection with discovery, which were significant as well.  The AP also believes that further discovery would harm its employees and the public at large.  The AP is a nonprofit news organization and does not have unlimited resources; there is a real possibility that complying with discovery obligations will distract The AP's employees in Israel and Gaza from their news coverage at a time when independent journalism is vital to public understanding and entails great personal risk.  *See* Mohamed Mandour et al., *Attacks, arrests, threats, censorship:  The high risks of reporting the Israel-Gaza war*, The Committee to Protect Journalists (Feb. 4, 2025), https://cpj.org/2025/02/attacks-arrests-threats-censorship-the-high-risks-of-reporting-the-israel-hamas-war/.  Discovery from these individuals in the midst of ongoing conflict in the region will present extraordinary challenges and burdens for the parties and non-parties alike, beyond the usual expense and inconvenience of cross-border discovery.  Even under the fragile ceasefire that is currently in place, daily developments such as the release of hostages and return of victims' bodies, further negotiations in the ceasefire agreement, violent attacks on civilians, and humanitarian response efforts create constant need for news coverage.

Absent a stay, that coverage would be hindered by depositions that, based on the outcome of the Motion to Dismiss, may end up being altogether unnecessary.

Finally, granting a stay is particularly appropriate in a case, like this one, that implicates the defendant's First Amendment rights. *See, e.g.*, *Bongino v. Daily Beast Co.*, 477 F. Supp. 3d 1310, 1324 (S.D. Fla. 2020); *Borislow*, 2014 WL 12580035, at *1.

## CONCLUSION

For each and all of the foregoing differing reasons, Plaintiffs and The AP jointly request that the Court stay discovery in this matter pending resolution of The AP's Motion to Dismiss and grant all such other and further relief as the Court deems just and proper.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(3)

Counsel for Plaintiffs and for the The AP certify that they conferred with each other by email in a good-faith effort to resolve by agreement the issues raised in this Motion. That effort was successful; Plaintiffs and The AP mutually support this Motion albeit for different reasons as stated above.

Dated: February 25, 2025

Respectfully submitted,

| MARK MIGDAL & HAYDEN | BALLARD SPAHR LLP |
|---|---|
| By: */s/ Maia Aron* <br> Etan Mark (Fla. Bar No. 720852) <br> Maia Aron (Fla. Bar No. 17188) <br> Annie D. Rosenthal (Fla. Bar No. 1031335) <br> 80 S.W. 8th Street, Suite 1999 <br> Miami, Florida 33130 <br> Telephone: (305) 374-0440 <br> etan@markmigdal.com <br> maia@markmigdal.com <br> annie@markmigdal.com <br><br> - and - | By: */s/ Charles D. Tobin* <br> Charles D. Tobin (Fla. Bar No. 816345) <br> 1909 K Street, NW, 12th Floor <br> Washington, DC 20006 <br> Telephone: (202) 661-2200 <br> tobinc@ballardspahr.com <br><br> R. Stephen Stigall (*pro hac vice*) <br> Elizabeth Seidlin-Bernstein (*pro hac vice*) <br> 1735 Market Street, 51st Floor <br> Philadelphia, PA 19103 <br> Telephone: (215) 665-8500 <br> stigalls@ballardspahr.com |

LAW OFFICE OF DAVID I. SCHOEN
David I. Schoen (*pro hac vice*)
2800 Zelda Road, Suite 100-6
Montgomery, AL 36106
Telephone: (334) 395-6611
schoenlawfirm@gmail.com

- *and* -

NATIONAL JEWISH ADVOCACY
CENTER, INC.
Mark Goldfeder (*pro hac vice*)
1718 General George Patton Drive
Brentwood, TN 37027
Telephone: (800) 269-9895
mark@jewishadvocacycenter.org

- *and* -

GOLDFEDER AND TERRY, LLC
Bencion Schlager (*pro hac vice*)
666 Harless Place
West Hempstead, NY 11552
Telephone: (917) 495-5790
ben@goldfederterry.com

- *and* -

GROISMAN LAW, PLLC
Gabriel Groisman (Fla. Bar No. 25644)
21500 Biscayne Blvd., Suite 600
Aventura, FL 33180
Telephone: (305) 982-7436
gg@groismanlaw.com

*Attorneys for Plaintiffs*

seidline@ballardspahr.com

*Attorneys for Defendant The Associated Press*