UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:24-cv-20684-KMM

NOACH NEWMAN, *et al.*,

    Plaintiffs,

v.

THE ASSOCIATED PRESS,

    Defendant.
_____/

**ORDER**

THIS CAUSE came before the Court upon Plaintiffs Noach Newman, Adin Gess, and Natalie Sanandaji ("Plaintiffs") and Defendant The Associated Press's (the "AP") Joint Motion to Stay Discovery Pending Adjudication of Defendant's Motion to Dismiss the Second Amended Complaint. ("Mot.") (ECF No. 125). The Motion to Stay Discovery is now ripe for review.

**I.  BACKGROUND**

On February 21, 2024, Plaintiffs initiated this action asserting claims against the AP under the Federal Anti-Terrorism Act, and under Florida state law. (ECF No. 1). Plaintiffs' claims relate to the AP's purchase and publication of images from Gaza-based freelance photographers during the Hamas-led attack on Israel on October 7, 2023. *See generally id.* Plaintiffs filed an Amended Complaint, *see* (ECF No. 40), which the AP moved to dismiss, (ECF No. 48). On December 10, 2024, the Court granted the AP's motion to dismiss the amended complaint without prejudice, and provided Plaintiffs with one final opportunity to cure the issues identified in the Order. (ECF No. 98).

On December 31, 2024, Plaintiffs filed their Second Amended Complaint, (ECF No. 99), which the AP moved to dismiss, (ECF No. 109). The Parties also filed a joint scheduling report, jointly requesting that discovery be stayed pending the Court's disposition of the AP's Motion to Dismiss. (ECF No. 106). On February 18, 2025, the Court directed the parties to file a motion to stay discovery. (ECF No. 119).

The Court now addresses the Joint Motion to Stay Discovery. For the reasons set forth below, the Motion to Stay Discovery is granted.

## II.    LEGAL STANDARD

A "District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002) ("At the outset, we stress the broad discretion district courts have in managing their cases."); *Johnson v. Bd. of Regents*, 263 F.3d 1234, 1269 (11th Cir. 2001) ("[W]e accord district courts broad discretion over the management of pre-trial activities, including discovery and scheduling."). Indeed, "district courts have inherent, discretionary authority to issue stays in many circumstances." *Advanced Bodycare Sols., LLC v. Thione Int'l, Inc.*, 524 F.3d 1235, 1241 (11th Cir. 2008). Additionally, "[m]atters pertaining to discovery are committed to the sound discretion of the district court." *Patterson v. U.S. Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1990).

To prevail on a motion to stay, the movant must demonstrate reasonableness and good cause. *See United States v. Med-Care Diabetic & Med. Supplies, Inc.*, No. 10-81634-CIV, 2014 WL 12284078, at *1 (S.D. Fla. June 17, 2014); *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006) ("To stay discovery under Rule 26(c) due to a pending dispositive motion, 'good cause and reasonableness' must exist." (quoting *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997)).

"The moving party bears the burden of demonstrating that a stay is appropriate." *Friends of the Everglades v. United States*, No. 08-21785-CIV, 2008 WL 11410108, at *2 (S.D. Fla. Nov. 7, 2008). "In evaluating whether the moving party has met its burden, a court 'must balance the harm produced by a delay in discovery against the possibility that the [dispositive] motion will be granted and entirely eliminate the need for such discovery.'" *Bocciolone v. Solowsky*, 2008 WL 2906719, at *2 (S.D. Fla. July 24, 2008) (quoting *McCabe*, 233 F.R.D. at 685). This means that courts generally take a "preliminary peek at the merits of [the] dispositive motion to see if it appears to be clearly meritorious and truly case dispositive." *Feldman*, 176 F.R.D. at 652–53.

### III. DISCUSSION

The Parties move to stay discovery pending the Court's determination of the AP's Motion to Dismiss Plaintiffs' Second Amended Complaint. *See generally* Mot. Although the Parties jointly filed the Motion, the Parties disagree as to why and how discovery should be stayed. Plaintiffs argue that a stay of discovery is appropriate "only to the extent the Court grants The AP's Motion to Dismiss in order to conserve resources and to protect Plaintiffs from the enormous emotional pain that will be incurred in discovery." Mot. at 4–5. Plaintiffs further state that they are "very willing to proceed with discovery if and when the Court denies The AP's Motion to Dismiss." *Id*. at 5.

The AP argues that a stay in discovery is warranted because the Motion to Dismiss "would dispose of all claims in this case if granted." *Id.* The AP contends that the Second Amended Complaint "does not differ materially from the Amended Complaint and that it fails to cure the pleading deficiencies identified in the Court's Order dismissing the Amended Complaint." *Id.* The AP further provides that the remaining discovery in this case would "result in potentially

3

needless burden and expense[,]" requiring the participation of individuals located in Israel and Gaza. *Id.* at 6.

District courts can grant a discovery stay as part of their broad discretion in managing pretrial discovery matters. *See Rivas v. The Bank of New York Mellon*, 676 F. App'x 926, 932 (11th Cir. 2017). In determining whether a stay of discovery pending a motion to dismiss is appropriate, "the court must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Point Conversions, LLC v. Lopane*, No. 20-CIV-61549, 2020 WL 6700236, at *2 (S.D. Fla. Oct. 29, 2020); *see also James v. Hunt*, 761 Fed.Appx. 975, 981 (11th Cir. 2018) (upholding the district court's stay of discovery especially when plaintiff's claims "would have substantially enlarged the scope of discovery" and when the claims "were largely unpersuasive"). "For a stay to be warranted, the moving party must show that (1) they will be prejudiced, (2) the pending motion is clearly meritorious and case dispositive, and (3) any prejudice to the non-moving party is outweighed by the possibility the motion will be dispositive." *Turner v. Costa Crociere S.P.A.*, No. 1:20-cv-21481, 2020 WL 9071486, at *4 (S.D. Fla. Aug. 23, 2020).

Here, based on the Court's preliminary evaluation of the Second Amended Complaint, the merits of the AP's arguments, the number of claims involved, the applicable law, the scope of discovery, and the potential harm to Plaintiffs and the AP in carrying out discovery in light of the ongoing conflict in Israel and Gaza, the Court finds that a stay of discovery is warranted.

## IV.   CONCLUSION

UPON CONSIDERATION of the Motion to Stay Discovery, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that the Parties' Joint Motion to Stay Discovery (ECF No. 125) is GRANTED.

Discovery is stayed until the Court's ruling on the AP's Motion to Dismiss Second Amended Complaint (ECF No. 109).

DONE AND ORDERED in Chambers at Miami, Florida, this __7th__ day of March, 2025.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: All counsel of record