IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 1:24-cv-20684-KMM

NOACH NEWMAN, ADIN GESS,
and NATALIE SANANDAJI,

    Plaintiffs,

v.

THE ASSOCIATED PRESS,

    Defendant.

_____/

**DEFENDANT'S MOTION TO VACATE MEDIATION ORDER PENDING ADJUDICATION OF MOTION TO DISMISS SECOND AMENDED COMPLAINT**

Defendant The Associated Press ("The AP"), by and through its undersigned counsel, files this motion to vacate this Court's March 10, 2025 Paperless Order of Referral to Mediation ("Mediation Order," ECF No. 132) pending adjudication of its Motion to Dismiss the Second Amended Complaint ("MTD," ECF No. 109). The AP seeks to vacate the Mediation Order because (1) mediation is not likely to be successful given the current posture of this case, (2) proceeding with mediation would require The AP to incur additional expense that may prove unnecessary if the pending Motion to Dismiss is granted, and (3) adjourning the mediation deadlines would not prejudice Plaintiffs in any way. In support of this motion, The AP states as follows:

**BACKGROUND AND PROCEDURAL HISTORY**

This case arises out of The AP's purchase of photographs taken by Gaza-based freelance photographers of the October 7, 2023 Hamas-led attack on Israel. Plaintiffs are three individuals who seek to hold The AP liable for damages including the emotional distress they suffered as a result of the attack. They assert claims under the federal Anti-Terrorism Act ("ATA") and its Florida equivalent based on the unsupported theory that The AP "knew, or at the very least

should have known," that the Gaza-based freelance photographers from whom they purchased photos of the attack "were longstanding Hamas affiliates, propagandists, and full participants in the very terrorist attack that they were also documenting." Second Am. Compl. (ECF No. 99) ¶ 9.

Plaintiffs filed their original Complaint on February 21, 2024 (ECF No. 1), and The AP filed a motion to dismiss on April 22, 2024 (ECF No. 29). Rather than respond to The AP's motion, Plaintiffs filed an Amended Complaint on May 13, 2024 (ECF No. 40), and The AP renewed its motion to dismiss on May 28, 2024 (ECF No. 48). On April 29, 2024, the Court entered a Scheduling Order (ECF No. 35) and Mediation Order (ECF No. 36). On May 14, 2024, pursuant to the Mediation Order, the parties filed a Joint Notice of Selection of Mediator designating John W. Thornton as their mediator (ECF No. 42).

On December 10, 2024, this Court granted The AP's motion to dismiss the Amended Complaint without prejudice (ECF No. 98). In that Order, the Court "cast[] doubt that Plaintiffs' allegations can be repleaded to state a viable claim based on the Court's understanding of Plaintiffs' theory of the case," but provided Plaintiffs with "one opportunity to attempt to cure the fundamental issues" the Court had identified. *Id.* at 33.

Plaintiffs filed their Second Amended Complaint (ECF No. 99) on December 31, 2024, and The AP filed a renewed Motion to Dismiss (ECF No. 109). The parties subsequently filed a Joint Motion to Stay Discovery pending adjudication of the Motion to Dismiss (ECF No. 125), which this Court granted on March 10, 2025 (ECF No. 133). The Motion to Dismiss remains pending.

Prior to the discovery stay, The AP had already completed its production of documents from 21 custodians, the majority of whom are located in the Middle East. The AP incurred

significant expense during the discovery process, including more than $120,000 on e-discovery and translation alone – not including its attorneys' fees, which were also substantial. Plaintiffs, for their part, produced only 15 pages of documents before the Court stayed discovery. To date, the parties have not taken any depositions. At the time this Court dismissed the Amended Complaint, Magistrate Judge Elfenbein had just conducted a four-hour discovery hearing on various disputes related to Plaintiffs' discovery responses and objections. ECF Nos. 92, 95, 97. In light of this Court's dismissal of the Amended Complaint and issuance of a discovery stay, Judge Elfenbein deferred entering a written decision on the discovery disputes, which remain pending.

On the same day it granted the discovery stay, this Court also entered a new Scheduling Order (ECF No. 131) and Mediation Order (ECF No. 132). The Scheduling Order set a trial date of December 1, 2025, with summary judgment motions due by September 12, 2025. The Mediation Order requires the parties to file a Notice of Scheduling Mediation by August 13, 2025, and to complete mediation by September 12, 2025.

On July 21, 2025, counsel for Plaintiffs emailed undersigned counsel regarding the deadline to file a Notice of Scheduling Mediation. That same day, undersigned counsel wrote back and proposed that the parties jointly seek to adjourn the mediation deadlines while the Motion to Dismiss remains pending. Undersigned counsel did not hear anything further until August 6, when Plaintiffs' counsel emailed regarding the upcoming mediation deadlines. On August 11, undersigned counsel reiterated the proposal that the parties jointly seek to adjourn the mediation deadlines. At that time, Plaintiffs' counsel informed undersigned counsel that they did not consent to the request.

**ARGUMENT**

Vacating the Mediation Order is appropriate for several reasons. First, The AP does not expect mediation to be fruitful at this time. This Court has already granted The AP's Motion to Dismiss the Amended Complaint and expressed doubt that Plaintiffs would be able to replead a viable claim. The AP believes its pending Motion to Dismiss the Second Amended Complaint is equally meritorious and raises important First Amendment questions that go to the heart of its ability to function as an independent global news organization.

Just last week, another federal court dismissed ATA claims brought by the same Plaintiffs against a different defendant arising from the October 7 attack, further illustrating the challenge Plaintiffs face in seeking to revive their claims against The AP. *See Lavi v. UNRWA USA Nat'l Comm., Inc.*, 2025 WL 2300038, at *1 (D. Del. Aug. 8, 2025). Indeed, the fact that Plaintiffs have filed at least five lawsuits against other defendants based on the same alleged injuries—including a new one just last month—shows the impossibility of assessing their alleged damages at this time, when The AP has received only 15 pages of documents from Plaintiffs and taken no depositions. *See Gess v. BAM Trading Servs., Inc.*, No. 2:24-cv-134-ECM-CWB (M.D. Ala., filed Feb. 26, 2024); *Lavi v. UNRWA USA Nat'l Comm., Inc.*, No. 1:24-cv-312-RGA (D. Del., filed Mar. 8, 2024); *Parizer v. AJP Educ. Found., Inc.*, No. 1:24-cv-724 (E.D. Va., filed May 1, 2024); *Weiser v. Islamic Republic of Iran*, No. 1:24-cv-3244-CJN (D.D.C., filed Nov. 17, 2024); *Sha'arabany v. UNRWA*, No. 1:25-cv-02490-RCL (D.D.C., filed July 31, 2025). Under these circumstances, there is no reasonable prospect of reaching a settlement at this time.

Second, The AP seeks relief from the expense of participating in the mediation process while its Motion to Dismiss remains pending. The Mediation Order requires the mediation to take place in person absent a showing of good cause, but The AP's counsel and organizational representatives are not located in Florida and would need to incur the expense of travel and

accommodations. The Mediation Order also requires the parties to prepare a written brief in advance of mediation, which would result in additional counsel fees. Furthermore, the Mediation Order and Administrative Order 2018-34 require the parties to share the cost of compensating the mediator for the time spent preparing for and conducting the mediation. All of these expenses could be avoided if the Court ultimately grants The AP's Motion to Dismiss prior to mediation.

Finally, adjourning the mediation deadlines pending adjudication of The AP's Motion to Dismiss would not prejudice Plaintiffs in any way. It is clear that the December 1, 2025 trial date cannot hold even if the Court were to deny The AP's Motion to Dismiss imminently. The current deadline for mediation and summary judgment motions is September 12, but, as noted, The AP has barely received any discovery from Plaintiffs, nor has Magistrate Judge Elfenbein ruled on the many outstanding disputes with respect to Plaintiffs' discovery responses and objections. Thus, to the extent Plaintiffs are entitled to a mediation no less than 80 days before trial, at the same time summary judgment motions are due, vacating the Mediation Order would not deprive them of that opportunity in advance of the actual trial date, whenever that may be. It is not clear, in any event, why Plaintiffs would insist on mediating when The AP's Motion to Dismiss is still pending and The AP has already conveyed its belief that mediation would be futile.

## CONCLUSION

For the foregoing reasons, The AP respectfully requests that the Mediation Order be vacated pending adjudication of its Motion to Dismiss the Second Amended Complaint.

5

**LOCAL RULE 7.1(a)(2) CERTIFICATION**

Undersigned counsel conferred via email with counsel for Plaintiffs on July 21, 2025 and August 11, 2025 regarding vacating the Mediation Order pending adjudication of The AP's Motion to Dismiss. Plaintiffs' counsel advised that they do not consent to this motion.

Date: August 12, 2025

Respectfully submitted,

BALLARD SPAHR LLP

By: */s/ Charles D. Tobin*
    Charles D. Tobin (Fla. Bar No. 816345)
    1909 K Street, NW, 12th Floor
    Washington, DC 20006
    Telephone: (202) 661-2200
    Fax: (202) 661-2299
    tobinc@ballardspahr.com

    R. Stephen Stigall (*pro hac vice*)
    Elizabeth Seidlin-Bernstein (*pro hac vice*)
    1735 Market Street, 51st Floor
    Philadelphia, PA 19103
    Telephone: (215) 665-8500
    Fax: (215) 864-8999
    stigalls@ballardspahr.com
    seidline@ballardspahr.com

*Attorneys for Defendant The Associated Press*

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 1:24-cv-20684-KMM

NOACH NEWMAN, ADIN GESS,
and NATALIE SANANDAJI,

    Plaintiffs,

v.

THE ASSOCIATED PRESS,

    Defendant.

_____/

**[PROPOSED] ORDER ON DEFENDANT'S MOTION
TO VACATE MEDIATION ORDER PENDING ADJUDICATION
OF MOTION TO DISMISS SECOND AMENDED COMPLAINT**

**THIS CAUSE** comes before the Court upon Defendant's Motion to Vacate Mediation Order Pending Adjudication of Motion to Dismiss Second Amended Complaint. This Court having considered the motion, and good cause having been shown, it is hereby **ORDERED AND ADJUDGED** that the motion is **GRANTED**. The Paperless Order of Referral to Mediation (ECF No. 132) shall be vacated, and all mediation deadlines shall be adjourned, pending adjudication of Defendant's Motion to Dismiss Second Amended Complaint (ECF No. 109).

**DONE AND ORDERED** in Chambers at Miami, Florida, this ____ day of _____, 2025.

_____
K. Michael Moore
United States District Judge

Copies furnished to all counsel of record via CM/ECF