IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

NOACH NEWMAN, ADIN GESS, and
NATALIE SANANDAJI,

    Plaintiffs,

v.

THE ASSOCIATED PRESS,

    Defendant.

Case No.: 1:24-cv-20684-KMM

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S
MOTION TO VACATE MEDIATION ORDER PENDING ADJUDICATION OF
MOTION TO DISMISS SECOND AMENDED COMPLAINT**

    Plaintiffs Noach Newman, Adin Gess, and Natalie Sanandaji (collectively, "Plaintiffs"), by and through undersigned counsel, file this Response in Opposition to Defendant The Associated Press's (the "AP") Motion to Vacate Mediation Order Pending Adjudication of Motion to Dismiss Second Amended Complaint (the "Motion") (D.E. 146), and in support thereof state as follows:

    AP asks this Court to vacate its Order requiring mediation because (1) AP believes mediation will not be successful because it speculates the Court will grant its pending Motion to Dismiss; (2) mediation will impose "additional expense that may prove unnecessary if the pending Motion to Dismiss is granted"; and (3) adjourning mediation will not prejudice Plaintiffs. Motion, pp. 1, 4. AP is mistaken on all fronts.

    *First*, AP's prediction that "mediation is not likely to be successful" is not a valid basis to adjourn mediation. "[C]ases can and do settle even when the parties and their attorneys predict to the contrary." *Procaps S.A. v. Patheon Inc.*, No. 12-24356-CIV, 2015 WL 3539737, at *11 (S.D. Fla. June 4, 2015). Plaintiffs are prepared to attend mediation in good faith and explore resolution

1

of this action. The court in *Procaps* observed the benefit of mediating under these precise circumstances:

> By way of example, the Undersigned has personal knowledge of cases which settled at court-ordered mediations when (1) both parties filed pre-mediation motions to be excused from mediating because mediation would be "futile"; (2) a defendant filed a motion to cancel a mediation because it represented that it would never pay anything to resolve a lawsuit it deemed frivolous; (3) a plaintiff threatened to walk out of the mediation because the other party's offer was "insulting"; (4) a plaintiff began the mediation by announcing he would not settle for less than one million dollars but ultimately settled for less than $20,000; (5) a plaintiff demanded at the mediation that the mediation be canceled because the defense had not brought a representative with sufficient settlement authority; (6) a defendant announced at the start of mediation that the opposing party should be sanctioned because his attorney just handed defense counsel new documents responsive to outstanding discovery; and (7) a party griped about the mediator and suggested the mediation be rescheduled because his attorney just learned that the mediator was "friendly" with opposing counsel.

*Id.*

**Second**, AP's contention that it will incur "additional expense" at mediation if the Court grants the Motion to Dismiss is wholly speculative and not a basis to adjourn mediation, as parties routinely proceed to mediation while dispositive motions are pending.

**Third**, Plaintiffs will be prejudiced by delay. This case has already been pending for more than a year, and delaying mediation until after resolution of dispositive motions would defer any settlement effort for potentially many more months.

WHEREFORE, Plaintiffs Noach Newman, Adin Gess, and Natalie Sanandaji, respectfully request that the Court deny Defendant The Associated Press's Motion to Vacate Mediation Order Pending Adjudication of Motion to Dismiss Second Amended Complaint, and grant such other and further relief as the Court deems just and proper.

Dated: August 26, 2025                                  Respectfully submitted,

**MARK FERRER & HAYDEN**
80 S.W. 8th Street, Suite 1999
Miami, Florida 33130
Tel: (305) 374-0440

By: *s/ Maia Aron*
Etan Mark, Esq.
Florida Bar No. 720852
etan@mfh.law
Maia Aron, Esq.
Florida Bar No. 17188
maia@mfh.law
Annie D. Rosenthal, Esq.
Florida Bar No. 1031335
annie@mfh.law
eservice@mfh.law

- and -

**LAW OFFICE OF DAVID I. SCHOEN**
2800 Zelda Road, Suite 100-6
Montgomery, AL 36106
Telephone: (334) 395-6611
E-Fax: (917) 591-7586

*/s/ David I. Schoen*
David I. Schoen, Esq.
schoenlawfirm@gmail.com
*Pro Hac Vice*

- and –

**National Jewish Advocacy Center, Inc.**
1718 General George Patton Drive
Brentwood, TN 37027
Telephone: (800) 269-9895

*/s/ Mark Goldfeder*
Mark Goldfeder, Esq.
mark@jewishadvocacycenter.org
*Pro Hac Vice*

- and -

3

**Goldfeder and Terry, LLC**
666 Harless Place
West Hempstead, NY 11552
Telephone: (917) 495-5790

*/s/ Bencion Schlager*
Bencion Schlager, Esq.
ben@goldfederterry.com
*Pro Hac Vice*

*- and -*

**Groisman Law, PLLC**
21500 Biscayne Blvd., Ste 600
Aventura, FL 33180
Telephone: (305) 323-5900

s/ *Gabriel Groisman*
Gabriel Groisman (Fla. Bar No. 25644)
gg@groisman.llc

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing document (including any attached exhibits and documents) electronically on the Court's CM/ECF docket on August 26, 2025 which served same electronically upon all counsel of record.

*s/ Maia Aron*
Maia Aron, Esq.