IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 1:24-cv-20684-KMM

NOACH NEWMAN, ADIN GESS,
and NATALIE SANANDAJI,

    Plaintiffs,

v.

THE ASSOCIATED PRESS,

    Defendant.

_____/

**DEFENDANT'S REPLY IN FURTHER SUPPORT OF MOTION TO
VACATE MEDIATION ORDER PENDING ADJUDICATION OF
MOTION TO DISMISS SECOND AMENDED COMPLAINT**

    The AP respectfully submits this Reply in further support of its Motion to Vacate Mediation Order Pending Adjudication of Motion to Dismiss Second Amended Complaint ("Mot.," ECF No. 146).  Plaintiffs' Opposition ("Opp.," ECF No. 148) fails to justify their insistence on mediation at this time, when The AP's Motion to Dismiss remains pending and Plaintiffs have barely produced any documents.

    The sole case on which Plaintiffs rely, *Procaps S.A. v. Patheon Inc.*, 2015 WL 3539737 (S.D. Fla. June 4, 2015), demonstrates that court-ordered mediation at this juncture is premature.  In *Procaps*, the court had already denied the parties' cross-motions for summary judgment by the time it required them to mediate.  *Id.* at *2.  This case is at a much earlier stage.  Local Rule 16.2 and this Court's Mediation Order require mediation to take place a few months before trial – not when one party unilaterally demands it because the "case has already been pending for more than a year."  Opp. at 2.

    Plaintiffs dismiss The AP's cost concerns as "wholly speculative," *id.*, but the *Procaps* case also acknowledges that mediation is "very expensive."  2015 WL 3539737, at *11.  This Court has already found good cause and reasonableness to stay discovery pending adjudication

of The AP's Motion to Dismiss.  *See* Mar. 10, 2025 Order (ECF No. 133).  A corresponding adjournment of the mediation deadlines makes sense for many of the same reasons.

Finally, contrary to Plaintiffs' assertion, delaying mediation would not inevitably "defer any settlement effort for potentially many more months."  Opp. at 2.  The parties always have the ability to engage in settlement talks on their own, without incurring the expense of mediation at this early phase of litigation.  *See Schottenstein v. J.P. Morgan Sec., LLC*, 2022 WL 537438, at *8 (S.D. Fla. Feb. 23, 2022) (denying motion for mediation "before the Court has determined a trial date" and noting that "court-annexed mediation is not required for further settlement negotiations").

For the foregoing reasons, and those stated in their Motion, The AP respectfully requests that the Mediation Order be vacated pending adjudication of its Motion to Dismiss the Second Amended Complaint.

Date: September 2, 2025                                    Respectfully submitted,

                                                BALLARD SPAHR LLP

By: __/s/ Charles D. Tobin_____
    Charles D. Tobin (Fla. Bar No. 816345)
    1909 K Street, NW, 12th Floor
    Washington, DC 20006
    Telephone: (202) 661-2200
    Fax: (202) 661-2299
    tobinc@ballardspahr.com

    R. Stephen Stigall (*pro hac vice*)
    Elizabeth Seidlin-Bernstein (*pro hac vice*)
    1735 Market Street, 51st Floor
    Philadelphia, PA 19103
    Telephone: (215) 665-8500
    Fax: (215) 864-8999
    stigalls@ballardspahr.com
    seidline@ballardspahr.com

*Attorneys for Defendant The Associated Press*